Learned, P. J.
The petition alleged that the petitioners have been unable to acquire title to the lands, because the owners refused to sell for a reasonable price. The defendant denies this. Thus that point is in issue. The proof is that on October 26, 1883, "the attorney for the commissioners called on Clark to ascertain whether he would sell, and at what price. Clark took time to see his counsel. On November 6, 1883, the attorney for the commissioners again called on Clark, and offered him $2,000 for his land damages as directed by the commissioners. Clark declined that sum, but intimated that he would take $5,000. No conclusion was reached. This is all the evidence on that point. Prior to those interviews the commissioners had filed a map •of the property needed. Subsequently, on November 9th, a new map was filed, and an application made for a commission, which was granted. This was abandoned before November 28th. On November 28th a new map and new papers were served, and this proceeding was discontinued December 8, 1883. On the 9th of November, 1885, the commissioners adopted and caused to be filed a new map, and thereupon the present proceeding was commenced in February, 1886. The petition, verified November 28,1883, described two parcels,—one of 1.94 acres; the other, a strip of land 3 feet wide and 385 feet long. The present petition describes two parcels, —one of 2.74 acres; the other, of one-fifteenth of an acre by the Hudson river; and the second appears to be a different piece from the second piece in the former petition. Indeed, it is not disputed that the land which the commissioners now seek to •condemn is not the same land for which they negotiated in October and November, 1883. The commissioners urge tiiat it is not as valuable as the other, .and that, if Clark would not accept $2,000 for the other, they would not offer .as much for this. But we have nothing before us on the question of relative value. The case stands thus: The commissioners negotiated for certain lands, .and could not agree with Clark. They now seek to acquire lands,—one parcel larger; the other parcel different. For these they never have negotiated. 'The commissioners are required to cause a map to be filed before entering, taking, or using any land. Laws 1875, c. 181, § 5. And it is when they are unable to agree with the owners that they may take these proceedings. Section 6. The statute was amended by Laws 1885, c. 211. By subdivision 5 of section 6, all persons served may show cause, and disprove any facts In the petition. This expression was not in the original act. And the commissioners claim that this right to disprove means that the persons served may offer *349 evidence against the allegations in the petition, and that unless they offer such, affirmative evidence the petition is proved. But this is not a just construction. The defendant has denied by his answer the allegations of the petition. There is no reason why his answer should have any less weight than the petition. The commissioners seek to take away his property. He has a right, to call on them to show their authority by common-law proof. Very possibly, slight proof of an inability to agree may sometimes be sufficient. But an owner of property cannot be brought into court, and subjected to the expense-of retaining counsel and procuring witnesses, unless a real effort to purchaselias failed. In this case no effort was made, as respects the property now desired.
The appellant presents another point. Section 21 of the act of 1875 provides for a meeting of electors, and says that commissioners shall not proceed “unless the majority of voters and of the tax-payers whose names appear upon the last assessment roll of the village, voting at such meeting, shall vote in favor of such taxes.” First. The appellant insists that this law is controlled by the-village charter 1860, c. 68, §§ 32, 46. We think not. This is a general statute on a special subject, and is not controlled by the provisions of the village charter, which did not deal with the subject of this law. Second. The appellant insists that the section requires a majority of ail the voters and of all the tax-payers. We think that the words “voting at said meeting” show that only a majority of those present was needed. Again, the appellant insists that there was no evidence given that the lands in question were “required for the purpose” of the water-works. This was a defect in the proof, as the matter was put in issue by the answer. Some evidence should have been given (and probably but little would have been necessary) to show that the land was. required for the water-works. The order should be reversed, and the proceedings dismissed, with costs, but without prejudice to any further application. All concur.