## HUGGINS vs. BALL, CLERK, &c.

1. The act of 1848 (Pam. Acts, 95) "to amend the several laws now in force in relation to the return of executions by sheriffs and coroners," does not repeal the act of 1840, (Clay's Digest 311, § 31,) "to regulate the mode of collecting costs accruing in the Supreme Court."

2. The Circuit Court has jurisdiction to render judgment under the act of 1840, against an officer for a failure to return an execution to the Supreme Court, although the amount of the judgment may be less than fifty dollars.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

PERCY WALKER and A. F. HOPKINS, for plaintiff in error :

1. The act of 1840 is repealed by the act of 1848. A subsequent statute will control a former act which is repugnant to it, and it makes no difference that one is a general act and the other special.—21 Pick. 373; 4 ib. 399; 3 Ala. 626; 3 Mc-

Lean, 212; 7 Blackf. 314; 7 Mass. 140; 12 ib. 545; 1 Ashmead, 179; 10 Pick. 39; 20 ib. 407. The language of the act of 1848 is plain and unambiguous, and leaves no room for construction. The intention of the Legislature must be collected from the words which they employ.—9 Por. 266; 1 Kelly 157; 2 Cranch 399; 14 Peters 46; 8 How. (U. S.) 1; 9 Wheaton, 381; 9 N. Hamp. R. 59; 5 Pick. 166; 3 J. J. Marsh. 594; 1 Hill 324; 17 Ala. 828.

2. The judgment is erroneous as to amount. It should have been twenty per cent. on the amount of the execution, instead of the whole amount.

3. The Circuit Court has no jurisdiction to render judgment for less than fifty dollars.—Clay's Dig. 288, § 2.

C. W. RAPIER, contra:

1. The act of 1840 is not repealed by the act of 1848.—1 Kent's Com. 461; 6 Smedes & M. 628; 6 Por. 220; 3 Martin's R. 190; 24 Pick. 296; 23 ib. 93; 3 Mass. 523; 9 Bacon's Abridgment 255; 3 Bibb 180; 4 Pike (Ark.) 410; 8 Ala. 626; 5 Hill 221.

2. The recovery is in the nature of a penalty, and the summary proceeding is not a civil case within the meaning of the constitutional provision in reference to jurisdiction.—5 Por. 145; 9 ib. 460.

COLEMAN, J.—The proceeding and judgment in this case were had under the act of 1840, authorizing the clerk of the Supreme Court, in the name of the successful party, to commence and prosecute any motion against any sheriff or his securities for failing to return any execution from the Supreme Court. By a further provision of the act, and those acts to which it refers, the plaintiff was entitled to recover against the sheriff the amount of the execution which he failed to return.

It is contended that this act was repealed by the act of 1848, which declares that "from and after the passage of this act, when any writ of execution shall come to the hands of any sheriff or coroner, and he shall fail to return it to the office from which it issued, on or before the return day thereof, it shall be lawful for the court to which said execution may be returnable, upon three days notice being given by either party thereto, and

on motion of the plaintiff or plaintiffs, defendant or defendants, in said execution, to render judgment against the sheriff or coroner thus failing and his securities on his official bond, or any or either of them, at the rate of twenty dollars for every hundred dollars contained in the judgment or decree on which the execution issued, and so in proportion for any greater or less sum, and no more." The third section of this act repeals all laws and parts of laws contravening its provisions.

By the acts of 1819 and 1821, the plaintiff was authorized to recover against the sheriff the amount of any execution which he failed to return according to law, and we think the Legislature intended by the act of 1848 to repeal those general acts and not the special act of 1840.

When an act of the Legislature admits of two constructions, the one violative of the constitution and the other not, we ought certainly to give it the latter construction. If the act of 1848 were construed to repeal that of 1840, it would give to the clerk of the Supreme Court the right to proceed in that court against the sheriff for failing to return an execution, and thus create the necessity of having a jury to try the issues that might arise in the case, and confer original jurisdiction on the Supreme Court. Such a law would clearly be unconstitutional.

Again: in interpreting statutes, we should certainly not favor any construction that would lead to an unreasonable result. If the construction contended for by the plaintiffs were to prevail, a sheriff in the remotest county in the State might be required to attend this court and defend a motion against him on three days previous notice thereof.

It is contended that the Circuit Court had no jurisdiction in this case, the amount claimed and recovered being twenty-five dollars sixty-three cents. The constitution declares that the Circuit Courts shall have jurisdiction in civil cases only when the matter or sum in controversy exceeds fifty dollars. We think this is not a civil case within the meaning of the constitution, but a proceeding had for the recovery of a fine or penalty against a public officer for a default or dereliction in his official duty. Actions founded on torts are civil cases in one sense of the term, but the jurisdiction of the Circuit Court in any case of tort has never been doubted, however small the matter in controversy. We consider the default of the sheriff in this case

to be in the nature of a tort. When any injury is sustained from the neglect of duty on the part of an officer, an action *ex delicto* is the appropriate remedy.

Let the judgment below be affirmed.

DARGAN, C. J., not sitting.