# Boothe *v.* King.

*Summary Proceeding against County Treasurer for Failure to pay Claim against County.*

1. *Claim against county; when must be audited.*—An order of the court of county commissioners, declaring a named·person a pauper, and allowing for her support a designated sum per month, "payable monthly out of any money in the treasury not otherwise appropriated," but not designating, or contracting with any particular person therefor, does not authorize the judge of probate to draw his warrant on the county treasurer in payment of a claim for the support of such pauper, at the rate specified in the order, in favor of the party rendering the service; but before such order can legally be drawn, the claim must·be audited and allowed by the court of county commissioners.

2. *Warrant of judge of probate; when not an audited and allowed claim*

32

[Boothe v. King.]

*against the county.*—Hence, a warrant drawn by the judge of probate, under such order, for the support of the pauper, before the claim therefor has been audited and allowed by the court of county commissioners, will not support a summary proceeding under the statute (Code, § 3395) against the county treasurer for failing to pay it as an allowed claim against the county.

APPEAL from Coffee Circuit Court.

Tried before Hon. H. D. CLAYTON.

The nature of this proceeding and the evidence introduced on the trial are sufficiently stated in the opinion. The court refused plaintiff's motion on the evidence, and he excepted. This ruling is here assigned as error.

W. D. ROBERTS, for appellant. (No brief came to the hands of the reporter.)

GARDNER & WILEY, *contra*, cited *Speed v. Cocke*, 57 Ala. 209.

STONE, J.—The present suit was instituted by motion against the county treasurer and his sureties, under § 3395 of the Code of 1876. The foundation of the suit was an order on the minutes of the court of county commissioners, in the following form:

"Commissioners Court, Regular Term, February 18th, 1867. It is ordered by the court that Mrs. Jane Boothe's granddaughter, Dink Ruggs, be declared a pauper, and allowed eight dollars per month, payable monthly, out of any moneys in the treasury not otherwise appropriated."

The moveant then read in evidence a paper in the following form:

"Commissioners Court, Regular Term, February 18th, 1867. It is ordered by the court that the county treasurer pay Mrs. Jane Boothe sixty-four dollars for support of her granddaughter, Dink Ruggs, from June 15th, 1870, to February 15th, 1871, out of any money in the treasury not otherwise appropriated. Issued from standing order. Issued February 20th, 1871.

                [Signed]            B. M. WEEKS,
                                    Judge of Probate."

    Indorsed:

"Registered in book No. 2, page 60, No. 2291—amount $64. February 20th, 1871.

                [Signed]            J. J. WARREN,
                                    County Treasurer."

The paper last above copied, we suppose, was relied on to prove the claim had been audited and allowed. It will be observed it has two dates. The one at the head, February 18th, 1867, is the same as that of the original order of the court of county

[Joseph v. Randolph.]

commissioners, which declared Dink Ruggs a pauper, entitled to support at the rate of eight dollars per month, at the expense of the county. The last date, at the foot of the instrument, is February 20th, 1871. This purports to be the date on which the so-called warrant was issued, and we are satisfied that is its true date. Does it, then, purport to be a claim, audited and allowed by the court of county commissioners? We feel compelled to hold it does not. A claim to go before that court for audit, must be an existing claim—one for services, or other consideration previously rendered. For some purposes that court can, no doubt, contract prospectively; but even then, the claim should generally be audited and allowed before it is paid. See *Speed v. Cocke,* 57 Ala. 209; *Parker v. Hubbard,* 64 Ala. 203. The order of February 18th, 1867, was not a contract. It did not bind the county to pay any particular person for supporting the pauper, Dink Ruggs. It simply declared her a county pauper, and determined the rate to be paid for her support. It did not designate by whom she should be supported. It could not then determine by whom she would be supported, for, it would seem, she was then, for the first time, declared a pauper. Before the court of county commissioners could properly allow a claim for her support, it should have been shown she had been supported, by whom supported, and for what length of time. This is what is meant by auditing the claim, and this could not take place until after the services were rendered. As we understand the paper, claimed to be a warrant, it was and is nothing but the act of the judge of probate, based alone on the order the court made, February 18th, 1867. This, styled by the judge a "standing order," was erroneously interpreted by him as giving him authority to issue the warrant. To authorize that, Mrs. Boothe's claim should have been first audited and allowed by the court of county commissioners, which alone had authority in the premises.—Code of 1876, § 826; *Palmer v. Fitts,* 51 Ala. 489.

There is no error in the record, and the judgment of the Circuit Court is affirmed.