# Harrison v. The State.

*Prosecution for Practicing Medicine without Certificate of Qualification.*

1. *Construction of statutes.*—In construing a statute, the words ᴗ in the enactment are to be construed in their popular sense, un-
ᴗ. 102.

[Harrison v. The State.]

less it plainly appears from the enactment that they were intended to be employed in some other sense.

2. *Physicians; persons practicing medicine.*—The words "persons practicing medicine" and "physician" are synonymous terms; and where, in a prosecution for the violation of section 4078 of the Code, as amended by the act approved February 18, 1891, (Acts 1890–91, p. 857), which provides that the "act shall not apply to any physician who has practiced medicine in this State for the past five years," the evidence shows that.the defendant had "practiced medicine" in one of the counties of the State for more than five years prior to the enactment, the defendant is within the proviso of the amendment, and can not be convicted of the violation of said statute.

APPEAL from the County Court of Shelby.

Tried before the Hon. JOHN S. LEEPER.

The case was tried by and before the judge of the county court, without the intervention of a jury, on a charge against the defendant, for a violation of section 4078 of the Code as amended February 18th, 1891, (Acts 1890–91, p. 857), which reads as follows : "Any person practicing medicine or surgery in this State, without having first obtained a certificate of qualification from one of the authorized boards of medical examiners of this State, shall be guilty of a misdemeanor, and on conviction thereof shall be fined not less than $25, nor more than $100 ; *provided,* that this act shall not apply to any doctors or physicians now practicing medicine in Alabama, who are graduates of a respectable medical college, and have complied with the law by having their diplomas recorded by the judge of probate in the county in which they may be practicing medicine ; and this act shall not apply to any physician who has practiced medicine in this State for the past five years."

The evidence showed that the defendant had been practicing medicine in Shelby county, Alabama, regularly since 1885, and occasionally, prior thereto, for some years ; that he had done all of the practice in the neighborhood where he lives in said county, since the year 1885 ; that he did this for a livelihood ; that in that time he had treated about 1100 cases of fever and had not lost a patient ; that he attended medical lectures in Mobile, for about eleven months in the year 1887, and for about the same time in 1888.

The evidence also showed that the defendant had obtained a license or diploma or a certificate of c

cation and was not a graduate of a medical college. This was all the evidence, and on it the court found the defendant guilty and assessed a fine of $25, to which finding and judgment of the court the defendant excepted.

W. S. CARY, for appellant.—The words must be construed in their popular sense, unless there be something. in their context showing that they were employed in some other sense.—*Lehman v. Robinson*, 59 Ala. 219 ; 2 Brick. Dig. 206, §§ 50, 61. A person practicing medicine and a physician mean the same thing.—Bouvier Law Dictionary ; 18 Amer. & Eng. Encyc. of Law, 421, 427 ; *Musser's Ex. v. Chase*, 29 Ohio St. Rep. 577 ; *Bibber v. Simpson*, 59 Me. 181 ; *Wert v. Clutter*, 37 Ohio St. Rep. 347.

WM. L. MARTIN, Attorney-General, for the State.— The legislature in using the terms "any person practicing medicine" and the word "physician," as used in the proviso, must be presumed to have intended the terms to convey different meanings.—Acts 1890–91, p. 857 ; 18 Amer. & Eng. Encyc. of Law, 427.

HARALSON, J.—The only defense the defendant made to the accusation preferred against him was, that he did not violate said act, because he was exempted from its penalties by its proviso, in that he had practiced medicine in Shelby county, Alabama, for five years, continuously, prior to the time when said act of 18th of February, 1891, went into effect.

The contention on the part of the State, and under which the conviction must be sustained, if at all, is, that the word, *physician*, as used in the proviso of the act, does not mean the same thing as the words, "person practicing medicine," as employed in the first sentence of the act ; or, in other words, that a physician is not the same thing, in the meaning of the enactment, as a person practicing medicine.

Words are to be construed in their popular sense—the plain sense in which the people generally understand them—unless it plainly appears from the writing in which they appear, that they were intended to be employed in some other sense.—*Lehman, Durr & Co. v. Robn*, 59 Ala. 234 ; 2 Brick. Dig. 206, § 60.

. 102.

[*Ex parte* Sikes.]

Bouvier defines the word, physician, to mean, "A person who has received the degree of Doctor of Medicine from an incorporated institution : one lawfully engaged in the practice of medicine."—18 Amer. & Eng. Encyc. of Law, 427. This definition does not confine the class to those who have graduated at a medical college, but includes, as well, all who are lawfully engaged in the practice of medicine, whether graduates or not. The word in its popular sense means, "one who professes or practices medicine, or the healing art ; a doctor."—Worcester.

The words, "person practicing medicine" and "doctor and physician," as employed in the act under consideration, refer to one of the same class of persons, and are used interchangeably. Section 4078 before its amendment, did not contain the word, doctor, or, physician, but the general designation, "any person practicing medicine." Construing this section, in *Brooks v. The State*, 88 Ala. 125, this court used those words, as synonymous with the word physician. To do otherwise in construing this act, would make it a delusion and a snare.

The judgment of the court below is reversed, and the defendant discharged.

Reversed and rendered.