# Crook *v.* Commissioners Court of Calhoun County.

## *Application for Mandamus.*

### [DECIDED JUNE 30, 1905.]

1. *Probate Judge; Expenses for Books and Papers.*—Postage stamps for official correspondence are not within the purview of section 3384 of the Code, providing that the judge of probate must be allowed reasonable expenses for suitable books, stationery and a seal of office, to be paid by the county.

APPEAL from the City Court of Anniston.

Heard before the Hon. THOMAS W. COLEMAN, JR.

This was a petition for mandamus, filed by the appellant, E. F. Crook, judge of probate of Calhoun county,

and sought to compel the court of county commissioners of said county of Calhoun, to purchase postage stamps for the use of the judge of probate in his official correspondence as such. The prayer of the petition was denied, and petitioner appealed.

H. D. McCarty and H. D. Merrill, for the appellant, cited:—Code, Sec. 3384; 26 A. & E. Enc. Law (2d ed.). 601, 602, 646-7; *Thompson v. State,* 20 Ala. 62; *Favers v. Glass,* 22 Ala. 624; *Trumbull v. Hutchings,* 11 Ohio 371; *Downing v. Hinds Co.,* 36 So. Rep. 73.

Knox, Acker & Blackmon, for appellee, cited:— *Pike Co. v. Goldthwaite,* 35 Ala. 74.

Appeal from judgment and order of the judge of the city court of Anniston denying petition for mandamus.

DENSON, J.—Section 3384 of the Code is in this language: "The judge of probate must be allowed reasonable expenses for suitable books, stationery, and a seal of office, to be paid by the county."

The question involved in this controversy is, are postage stamps included in the term stationery as it is used in the statute, so that they must be furnished at the expense of the county to the judge of probate for use in his official correspondence.

"As a general rule the words of the statute are to be taken in their ordinary and popular sense, unless it plainly appears from the context or otherwise that they were used in a different sense."—Lewis' Sutherland Statutory Construction, Vol. 2 (2nd ed.) § 390; *Harrison's case,* 102 Ala. 170; *Lehman Durr & Co. v. Robinson,* 59 Ala. 219.

The word stationery itself is indeterminate. Webster defines stationery to be such articles as are usually sold by stationers, as paper, ink, quills, pens, blank books, etc. The Standard defines it to be writing materials in general, including paper, envelopes, blank-books, pens, ink, etc., a term of somewhat indefinite extent, sometimes restricted to note-paper and envelopes; as, "His stationery bears a crest."—Standard Dictionary.

"Under the name of stationery are embraced all writing materials and impliments together with the numerous appliances with the desk, and of mercantile and commercial offices. In addition to the use, the term fancy stationery covers a miscellaneous assembly of leather and other goods, such as pocket-books, bags, card-cases and many kindred articles, which cannot be classified." Americanized Encyclopedia Brittanica, Vol. 9 p. 555.

From an etymological point of view, it would seem the word has no connection with postage, and a stationer today, or one who sells stationery, is not supposed to carry postage stamps in his stock.

The natural import of words is their literal sense, but this may be varied to give effect to the fundamental purpose of a statute. And the mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute.—2 Sutherland on Construction of Statutes, §§ 374, 376. It has been held that in the construction of statutes a word which has two significations should ordinarily receive that meaning which is generally given to it in the community.—*Favers v. Glass,* 22 Ala. 621.

In the case of *Commissioners' Court of Pike County v. Goldthwaite,* this court doubted if blanks came under the general designation, *stationery.* The doubt, however, was removed by the fact that the statute involved in the case characterized them as stationery.—*Commissioners' Court of Pike County v. oGldthwaite,* 35 Ala. 704.

Section 296 of the Annotated Code of Mississippi provides that: "The board of supervisors shall provide for properly furnishing the court-house and for supplying all county officers with necessary record-books, stationery, seals, presses, iron safes, tables, chairs, furniture, and all other necessary articles, etc." Construing the statute, the Supreme Court of that State said: "We think the terms 'stationery' "and all other necessary articles' in section 296 of the Code, embrace necessary postage used in the public business." It would seem that it was a question of easy solution as to whether postage was embraced under the words "And all other necessary articles," as those words were used in the statute. But the court further discussing the question said: "The

word stationery itself is indeterminate, and it is to be interpreted in the light of custom and reason. It is hardly conceivable that the lawmaking power designed all officers, great and small, to pay, out of their salaries, the postage on state or county official business. What would become of the State Superintendent of Education, the Governor, Secretary of State, Land Commissioner, Supreme Clerk, and others? Uniform usage in the state, tiding over all the legislative sessions, furnishes a practical construction of the statute which cannot be overlooked. So far as we know, corporations, banks, partnerships, and individual business enterprises include outlays for postage under the head of stationery. But that word is reinforced in the statute before us by the words, 'And all other necessary articles,' and certainly postage stamps are indispensably necessary."—*Downing v. Hinds County,* 36 So. Rep. 73.

We have quoted freely from the Mississippi case for the reason that it is relied upon by the appellant in support of his contention, and it is the only precedent of the kind that we have been furnished with. We cannot regard it as a clear authority in support of the interpretation of the statute contended for by the appellant here, as our statute contains no such words as the Mississippi statute contained and which the court said reinforced the word stationery. Moreover, the questions contained in the argument of the court as to what would become of the State officers in respect of postage, if applied to Alabama, are answered by the special appropriations made for postage for the executive and judicial departments by the legislature at each session. And with reference to the usage which has prevailed in Alabama, by statute, the secretary of state is required to furnish the members of the legislature with stationery, yet it is a matter of general knowledge that the secretary of state has never furnished members of the legislature with stamps. It is further a matter of general knowledge that the legislature has always acquiesced in the interpretation of the statute, and has never made any demand for postage, but has left the law as it is, while at the same time providing for stationery and postage for the executive and judicial departments. This should have its

influence in determining whether or not the legislature, by the use of the word stationery in the statute, intended that postage should be furnished the judge of probate.

It is urged by appellant that the broadest and most comprehensive meaning possible should be given the word "stationery" for the reason that expenses incurred for the public in the discharge of official duty should, if legally possible, be paid for.

That the natural import of the word in its literal sense does not include postage, we think is apparent.

Nor do we think the word in its ordinary and popular sense—as it is used now in common parlance,—embraces postage stamps. Then, unless it can be said that it was the intention of the legislature, in the use of the word stationery in the statute, that postage should be included, we must hold that it was not included.

Referring again to the fact that when the legislature would give to the different state departments allowance for postage it has done so *eo nomine,* we cannot say that it was intended by the use of the word stationery in the statute under consideration postage stamps should be included.

After due consideration we are of the opinion that the order appealed from should be

Affirmed.

McCLELLAN, C. J., TYSON and ANDERSON, JJ., concurring.