[Birmingham Railway, Light & Power Co. v. Green.]

# Birmingham Railway, Light & Power Co. v. Green.

## Injury to Animal

(Decided May 9, 1912.  58 South. 801.)

1. *Street Railways; Interurban; Crossing Signals.*—The provisions of section 5473, Code 1907, do not apply to a street or interurban railroad, operated by electricity, as in its popular sense, a street car, is not a locomotive.

2. *Statutes; Construction; Legislative Intent.*—To promote the intention of the Legislature, the Court, in construing the public safety statute, will extend them to new things reasonably ·and fairly within the statute, but cannot construe such statutes to apply to changed conditions, when the language of the statute is such as to make it totally inapplicable thereto; the rule being that the intent of a particular statute must first be sought in its language.

3. *Same.*—In construing a statute, it must be given a sensible application if possible, and absurd conclusions must be avoided.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by George Green against the Birmingham R. L. & P. Company, for damages to a horse and vehicle in a collision at a road crossing with an interurban electric car operated by the defendant. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant. The provisions of section 5473, Code 1907, have no application to cars propelled by electricity, and the court erred in its charge to the jury.—*Birmingham R. L. & P. Co. v. Ozburn, in* MSS.

·· ALLEN & BELL, for appellee. Section 5473, Code 1907, applies to interurban or street railway cars propelled by electricity. In fact, it applies to all means of railroad

locomotion, and the court was not in error in the charge given.—*L. & N. v. Hall,* 89 Ala. 708; *L. & N. v. Anchors,* 114 Ala. 419; *Bir. Southern v. Powell,* 136 Ala. 232; *Montgomery St. Ry. v. Lewis,* 148 Ala. 134; 29 Fed. 1033; 60 Fed. 886; 64 N. W. 1033; 91 Wis. 374; 91 Ia. 81. The fact that there was no railroads operated by electricity at the time this statute was passed does not militate against our contention.—*Harris v. N. O. & St. L.,* 153 Ala. 139; 13 L. R. A. 185; 115 N. Y. 442.

PELHAM, J.—The appellee's suit against the appellant in the court below was for damages to a horse and wagon and personal injuries suffered by the plaintiff in consequence of a collision between a team driven by him and one of the defendant's street cars in the town or village of Elyton, which collision, appellee alleged, was due to the negligent operation and management of the street car of appellant by its servant or employe in charge thereof.

The court, in charging the jury orally, stated that the provisions of section 5473 of the Code, relating to the ringing of the bell or blowing the whistle by the engineer or other person having control of the running of a locomotive, were applicable to this case in which it was shown that the injury was occasioned by a street car operated by electric power. The defendant reserved separate exceptions to those portions of the oral charge wherein the court stated that the provisions of section 5473 applied to the case and all of the assignments of error have reference to this proposition as charged by the court.

The point in question has been determined by this court in the case of *Birmingham R. L. & P. Co. v. Ozburn, infra,* 56 South. 599, but the trial court did not have that case as a guide at the time of delivering the

oral charge; for that opinion had not been rendered when this case was tried at *nisi prius* on the 14th day of February, 1911, it not having been handed down until the following November (November 14, 1911), and the charge of the trial court is in direct conflict with the *Ozburn case.*

We have again, on the present appeal, carefully considered the applicability of this statute (5473) to a modern street or interurban railway operating cars, propelled by electric power, through the streets of a city or town into adjacent territory, and have given close attention to the cases cited by the appellee, and to the argument of counsel contained in brief and were aided, also, by oral argument; but we find nothing to convince us that the reasoning and distinctions drawn in *Ozburn Case,* showing the inapplicability of this statute to cases of this kind, are incorrect.

While it is true that those sections embraced in that article of the Code containing "regulations affecting public safety" will be generally extended to new things, which the language of the act is sufficient, reasonably and fairly construed, to comprehend, for the purpose of promoting the real intention of the enactments, as was the case, for example, in reference to section 5474 (*Birmingham Minn. R. R. Co. v. Jacobs,* 92 Ala. 187, 9 South. 320, 12 L. R. A. 830; *L. & N. R. R. Co v. Anchors,* 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116), yet our courts cannot, with a due regard to the unquestioned and well-recognized rules of statutory construction, stretch those rules so as to make them apply to changed conditions, even though we give full significance to the knowledge that the enactment is a regulation affecting public safety, when the plain language of the statute itself is such as to make it totally inapplicable to those new things resulting from changed conditions

and different modes of travel. The intent of the particular statute is first to be sought in the language of the statute itself.—2 Lewis' Sutherland, Statutory Construction (2d Ed.) c. 13, § 366; *United States v. Goldenberg*, 168 U. S. 95, 18 Sup. Ct. 3, 42 L. Ed. 394. To hold that section 5473 is applicable to this case would be for us to say that a street car, in its popular sense, the plain sense in which people generally understand it, is a locomotive (*Harrison v. State*, 102 Ala. 170; 15 South. 563); and that the person in control of its operation through the streets of a city, town, or village must be guilty of negligence for a failure to blow the whistle or ring the bell one-quarter of a mile before reaching any public road crossing or regular stopping place, notwithstanding the person in control would thereby be required to be giving signals for one crossing before it reached and stopped at several other intervening crossings within the one-quarter of a mile. This would not be giving to the statute a sensible application, but one leading to an unjust and absurd conclusion, which, if possible, is to be avoided in construing legislative intention in the interpretation of statutes.—*In re Chapman Petitioner*, 166 U. S. 661, 17 Sup Ct. 677, 41 L. Ed. 1154.

If new conditions have arisen since the passage of the statute that have not been provided for, this would not justify a judicial addition to the language of the statute itself, so as to make it apply to the new conditions or contingencies, nor justify a tortious construction of the language used, to make the statute apply to things or conditions plainly not comprehended within the terms of the statute, which would lead to an absurdity and injustice in the construction or application given. What we have said in the case of *Ozburn, supra,* fully covers the subject, and we are unwilling to make any change in the rule there announced.

[Bain, et al. v. Hodges.]

The court below committed an error by giving in charge to the jury those portions of the oral charge to which an exception was reserved, and the case must be reversed.

Reversed and remanded.