# State, *ex rel.* Mims *v.* Bugg, *et al.*

## Mandamus.

(Decided April 21, 1916.   71 South. 699.)

1. **Statutes; Title; Comprehensiveness.**—Acts 1915, p. 348, is not invalid as violative of § 45, Constitution 1901, since its purpose of abolishing some of the county treasurers is embraced within the comprehensive title, notwithstanding the act does not abolish all county treasurers.

2. **Counties; Officers.**—General Acts 1915, p. 348, abolishes the office of county treasurer in all counties of a population of 50,000 or less, and does not merely suspend the existence of the office of such county.

3. **Statutes; Special; Classification.**—A classification made in good faith, based on population as a separation of counties in which there shall be a county treasurer, from those in which the office was abolished, is a valid classification.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCORVEY.

Mandamus by the State on the relation of D. D. Mims against L. J. Bugg, as Chairman of the Democratic Executive Committee of Monroe County and others, to require petitioner's name to be placed upon the official ballot for the office of treasurer of the county. From a judgment denying the writ petitioner appeals. Affirmed.

GREGORY L. SMITH & SON, for appellant.   BARNETT & BUGG, for appellee.

McCLELLAN, J.—This is an application for a writ of mandamus to be addressed to the chairman of the Democratic executive committee of Monroe county and to the judge of probate of said county requiring them to receive and file relator's declaration that he is a candidate for nomination at the Democratic primary election to be held on May 9, 1916, to the office of county treasurer of Monroe county. The judge of the law and equity court of Monroe county, to whom the petition was addressed, denied the writs prayed for, and this appeal results. The single question presented for review is whether the title of the act approved September 15, 1915 (General Acts 1915, p. 348), is sufficient

[State, ex rel. Mims v. Bugg, et al.]

under section 45 of the Constitution, which, as here important, provides that: "Each law shall contain but one subject, which shall be clearly expressed in its title."

The title of the act is as follows: "To abolish the office of the county treasurer, and to require the county funds to be deposited in such incorporated national or state bank in the several counties, as the board of revenue or court of county commissioners may elect, and to provide for the custody of such funds, and to require all acts required of the treasurer to be performed by the president of the board of revenue or county commissioners."

The act's application is restricted to those counties of the state of Alabama having a population of 50,000 or less according to the last federal census or any subsequent census.

(1) Since the title of the act manifestly expresses the legislative purpose to abolish the offices of county treasurer, the point of the appellant's criticism of this act is, in substance, this: That the title manifests a purpose to abolish the office of county treasurer throughout the state; whereas the body of the act effects that purpose in only a part of the counties of the state. The effect of this contention is to say that the title is broader than the act. In these circumstances the point taken is ruled against the appellant by the case of *Griffin v. Drennen,* 145 Ala. 128, 40 South. 1016, a decision that has been subsequently accepted as authority on this point in *Sheffield Oil Co. v. Pool,* 169 Ala. 420, 53 South. 1027. It was said in the first-cited case, quoting from an early decision: "When the subject may be comprehended in the title, the act should be upheld."

The subject of this act is the abolition of the office of county treasurer; and the title is not misleading because of partial (upon classification) application to counties in the state. That the act in its body does not abolish that office in every county in Alabama does not subtract from the comprehensiveness of the title, which undoubtedly includes the subject with which the act undertakes to deal. The writs prayed for were correctly denied below; Monroe county not having the requisite population to exclude it from the operation of the act.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

[Ex Parte Hill.]

ON REHEARING.

McCLELLAN, J.— (2, 3) If the act under consideration did not affect the abolition in January, 1917, of the office of county treasurer in all counties of the state which now have, or hereafter may have, populations of 50,000 or less, there would be basis for the contention that the act only operates to suspend the existence of the office of county treasurer in a county or counties having a population of 50,000 or less. Since the act, as noted in the title, expressly abolishes the office in all counties within the population class therein defined, the premise for the contention indicated is not present. The first section of the act provides "that the office of county treasurer is hereby abolished." The last section of the act provides, after a general repealing clause, that it shall not apply to counties having a population of 50,000 or more according to the present or the future federal census. The two provisions of the act, when read in appropriate, necessary relation, establish this as the legislative intent: That the office is abolished (in January, 1917) in all counties having a population of 50,000 or less. The act cannot be read to any other effect. Population is a valid basis for a classification made in good faith. If, perchance, a county's population now below should hereafter increase above 50,000, according to the federal census, a question of what law should have application thereto may arise; but that question would not be of a constitutional nature.

The application for rehearing is denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.