(81 South. 543)
### UNDERWOOD TYPEWRITER CO. v. MARENGO COUNTY BANK.
(2 Div. 191.)

(Court of Appeals of Alabama. Feb. 4, 1919. Rehearing Denied March 18, 1919.)

1. APPEAL AND ERROR ⬦41(1)—BILL OF EXCEPTIONS TO REVIEW DECISION INVOLVING NONSUIT—MOTION FOR SUMMARY JUDGMENT AS "CAUSE"—STATUTE.

Motion for summary judgment under Code 1907, § 5938, was a "cause" within section 3017, providing that if from any ruling or decision of the court on trial of a cause it may become necessary for plaintiff to suffer a nonsuit, the ruling or decision may be reserved for the decision of the Supreme Court by bill of exceptions or appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause.]

2. DEPOSITORIES ⬦11— SUMMARY REMEDY AGAINST DEPOSITORY OF COUNTY FUNDS.

A bank acting as county depository, and charged, under Acts 1915, p. 348, with all the duties of a county treasurer, is not exempt from the operation of Code 1907, § 5938, giving a summary remedy by motion for summary judgment against the custodian of county funds.

3. APPEAL AND ERROR ⬦917(3)—RULING ON DEMURRER—SUPPORT BY SINGLE GROUND.

If any one of several grounds of demurrer to a pleading is well taken, the ruling of the trial court sustaining it will be affirmed.

4. STATUTES ⬦188—CONSTRUCTION.

Words in a statute are to be taken in their ordinary and popular sense, unless it appears clearly from the context that they are used in a different sense.

5. EVIDENCE ⬦11—JUDICIAL NOTICE—USE OF TYPEWRITERS.

The Supreme Court knows as a matter of common knowledge that typewriters were not in general use in 1886.

6. COUNTIES ⬦133—SUPPLIES OF PROBATE OFFICE, AND OFFICE OF TAX COLLECTOR—TYPEWRITER AS "NECESSARY STATIONERY."

A typewriter is not "necessary stationery" of the probate office, and the office of the tax collector of a county, within the meaning of Code 1907, §§ 153, 5442.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Motion for summary judgment by the Underwood Typewriter Company against the Marengo County Bank. From judgment of nonsuit, movant appeals. Affirmed.

Motion in the court below by appellant, for a summary judgment against the respondent under section 5938 of the Code. The respondent demurred to the motion, the court sustained the demurrer, and movant took a nonsuit with bill of exceptions under section 3017 of the Code, and appeals, assigning the action of the court in sustaining the demurrer as error.

Pettus, Fuller & Lapsley, of Selma, for appellant.

William Cunninghame, of Linden, for appellee.

SAMFORD, J. [1] Section 3017 of the Code of 1907 provides that—

"If, from any ruling or decision of the court on the trial of a cause, * * * it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling, or decision may be reserved for the decision of the Supreme Court by bill of exceptions or by appeal on the record, as in other cases."

The point is made here that the proceedings in this case do not constitute a cause, within the meaning of the statute. While the Supreme Court in Huggins v. Ball, 19 Ala. 587, held that a summary proceeding against a sheriff was not a civil case, within the meaning of section 143 of the Constitution of 1901, it is none the less a cause, within the meaning of section 3017 of the Code, giving to the movant the right of appeal. It would be hard for us to comprehend how an action founded on a statute, to be tried and determined by a court of competent

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

jurisdiction, on issue joined between the parties, could be considered other than a cause.

[2] The movant alleged in its motion its corporate existence; that respondent was acting as county depository or county treasurer for Marengo county, that as such it held the funds of the county, and that under the law it is required to perform the duties and is subject to the liabilities and obligations of the county treasurer; that movant has in its possession, belonging to it, two warrants of the county drawn by the probate judge on the treasury and payable to it, one warrant for $64.25 and one for $110.25; that these warrants were issued for claims duly presented and allowed by the commissioners' court and issued by order of the court; that both warrants had been duly presented in due form to the respondent, as depository, etc., and registered by respondent as claims against the county; that each of said warrants was given in payment for typewriters furnished to the county, one to the probate office and one to the office of the tax collector, and further alleged that such typewriters were necessary stationery; and that such typewriters were stationery. It is contended, first, that as the remedy by summary proceedings was given as against a county treasurer, it does not apply to the respondent, who is exercising all of the functions of a county treasurer, under an act of the Legislature. Acts 1915, p. 348, approved September 15, 1915. A sufficient answer to appellee's contention is found in the following excerpt from the act itself:

"The bank or banks so designated as depositories for county funds shall be charged with all the duties and subject to the same liabilities in so far as the safe-keeping and paying out of the funds of the several counties are concerned, as are now imposed by law upon county treasurers." Section 5.

We see no good reason for holding that the respondent is exempt from the operation or the statute giving a summary remedy in cases of this kind against the custodian of county funds.

[3] There were several grounds of demurrer to the motion testing the sufficiency of the allegations; and, while if any ground is well taken, the ruling of the trial court would be affirmed (L. & N. R. R. Co. v. Wilson, 162 Ala. 588, 50 South. 188) in view of the importance of the question argued in this case, we prefer to discuss and consider the ground of demurrer insisted upon in brief, presenting the question as to whether a typewriter is "necessary stationery" within the meaning of section 153 of the Code of 1907.

[4-6] In efforts to render judgments in accord with their ideas of justice, courts of last resort have rendered many freak opinions. Often these opinions give to words and phrases definitions entirely foreign to the etymology of the words, or to what they were commonly understood to mean. But, even to enforce the payment of a just demand, there is a limit beyond which courts cannot go. In construing statutes, the general rule is that words are to be taken in their ordinary and popular sense, unless it plainly appears from the context that they are used in a different sense. Harrison's Case, 102 Ala. 1070, 15 South. 563. Section 153 of the Code was brought forward from the Code of 1886, at which time we know from common knowledge typewriters were not in general use. We also know that subsequent Legislatures have treated typewriters as a separate business, in the enactment of its revenue laws. Acts 1915, p. 491, § 4. Stationery, in common parlance, does not include typewriters, and it does not plainly appear from the context that the Legislatures in enacting sections 153 and 5442 of the Code intended that typewriters should be included in the term "necessary stationery." It follows that the trial court did not err in sustaining the demurrer, and the judgment is therefore affirmed.

Affirmed.