(82 South. 159)
COMPTON v. MARENGO COUNTY BANK.
(2 Div. 689.)

(Supreme Court of Alabama.   May 22, 1919.)

1. DEPOSITARIES ⟨⟩6—DEPOSITORY OF COUNTY FUNDS AS PUBLIC OFFICER.

A depository, under Gen. Acts 1915, pp. 348–350, making banks depositories and abolishing the office of county treasurer, is not a public officer, but a contractee.

2. DEPOSITARIES ⟨⟩6—COUNTY FUNDS—CONTRACTUAL AGENCY OR OFFICE.

Gen. Acts 1915, pp. 348–350, abolishing the office of county treasurer and providing for deposits of county funds in banks, was intended to create a mere contractual agency to perform the functions of the former county treasurer.

3. DEPOSITARIES ⟨⟩11 — COUNTY FUNDS — SUMMARY REMEDY—STATUTES.

Gen. Acts 1915, pp. 348–350, abolishing the office of county treasurer and authorizing the deposit of county funds in certain banks, did not, by section 5, subject such depository to the summary remedy provided by Code 1907, § 5938.

4. DEPOSITARIES ⟨⟩11—CLAIMS—WARRANTS FOR PAYMENT OF JURY COMMISSIONER—"ALLOWED CLAIM."

If Code 1907, § 5938, be available against a depository of county funds under Gen. Acts 1915, pp. 348–350, a warrant from the judge of probate to a jury commissioner under Gen. Acts 1909 (Sp. Sess.) p. 305 et seq., for salary, is not an allowed claim against the county within Code 1907, § 5938.

5. STATUTES ⟨⟩225¾—CONSTRUCTION—EFFECT OF RE-ENACTMENT—PRIOR DECISIONS.

The repeated readoption without material change enacts as a part of the statute itself, the construction placed upon its terms by the Supreme Court.

Appeal from Circuit Court, Marengo County; Robert I. Jones, Judge.

Summary proceedings by O. E. Compton against the Marengo County Bank. A motion for summary judgment for plaintiff was denied, and he appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

S. W. Compton, of Linden, for appellant.
William Cunninghame, of Linden, for appellee.

McCLELLAN, J. Motion for summary judgment against depository (Gen. Acts 1915, p. 348) under Code, §§ 5938, 5899, 5900.

In August, 1918, G. E. Compton, styled appellant on the record, was a jury commissioner of Marengo county, under the authority of the act approved August 31, 1909 (Gen. Acts, Sp. Sess. 1909, pp. 305 et seq.), creating such offices and officers. Section 3 of this act provides:

"Each commissioner shall be paid the sum of five dollars per day for the time actually engaged in the discharge of his duties as such commissioner, to be paid out of the county treasury, upon the warrant of the probate judge of said county. Such warrants are to be issued by said probate judge upon evidence satisfactory to him that such service has been rendered. * * *"

The motion proceeds on the theory that the depositories of county funds created by the act approved September 15, 1915 (Gen. Acts 1915, pp. 348-350) are public officers, substituted county treasurers, and, primarily, that the provisions of Code, § 5938, authorizing summary judgments, under defined circumstances, against a county treasurer and the sureties on that officer's official bond, have application to such depositories; and, failing this, that Code, §§ 5899, 5900, justify the remedy.

[1] It is manifest, we think, that a depository, qualified as the act prescribes, is not a public officer; is not merely a county treasurer by another name. Under that act a depository is but a contractee. The depository pays the county interest on the daily balances, and engages to keep and pay out the funds lawfully committed to its care. The depository can receive no compensation other than the advantage derived from having the deposit. In fact, the theory of the act in this respect is that the depository pays the county for the privilege of having the deposit. No term is provided as for an office or officer. The duty enjoined upon the county commissioners with respect to the selection of a depository is that that body shall invite "sealed bids" by banks; open the bids on the first Monday in December of each year, and "place the county funds" with the incorporated bank, offering "the highest rate of interest to the county on daily balances of bank deposits, such placing * * * to be for the period of the following calendar year." There are no qualifications prescribed as for a public officer. Indeed, in the light of our governmental history, it is not perceivable how a corporation could be constituted a public officer. The bond exacted by the act contemplates only the "safety of said deposits." It is not an official bond in the sense such assurances are exacted and given to secure, generally, the performance of all the official duties a public officer is required to perform or discharge.

———

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
203 ALA.—9

[2] Furthermore the act itself in the counties within its contemplation (State ex rel. v. Bugg, 196 Ala. 460, 71 South. 699), expressly abolished the office of county treasurer on the "first Monday after the second Tuesday in January, 1917." The clear purpose was to abolish the office of county treasurer, and to create a mere contractual agency to perform functions theretofore performed by the abolished officer. It is not conceivable that the Legislature intended to abolish the office of county treasurer and by the same enactment reincarnate the extinct office by another name. The object was more rational than such a conclusion would attribute to the lawmakers.

Since the county depository is not a public, county officer—is a contractee only—and hence not a county treasurer by another name, the summary remedy afforded by Code, §§ 5899, 5900, or 5938 cannot be invoked unless some enactment renders available, by assimilation or otherwise, the summary remedy, against a depository, provided by the Code sections mentioned.

[3] It is insisted that the following expression in section 5 of the act providing county depositories completely assimilates the summary remedy (Code, § 5938) that existed against county treasurers to the system of depositories now in effect in this state:

"The bank or banks so designated as depositories for county funds shall be charged with all the duties and subject to the same liabilities in so far as the safe-keeping and paying out of the funds of the several counties are concerned, as are now imposed by law upon county treasurers."

This language from section 5 of the act of 1915 did not effect to subject depositories to the summary remedy provided by Code, § 5938. In terms the quotation restricted the duties and liabilities of the depositories to "the safe-keeping and paying out of the funds." The closing expression in Code, § 5938, is penal in nature; and there is nothing in the act creating depositories which indicates any legislative purpose to impose the remedy of the penal statute upon depositories. Even within the purview of the restricted sense in which the terms "duties" and "liabilities" are used in the above quotation, the language employed is not specific, manifesting no particular intent to subject the depositories to the penalty carried by this remedial statute. It is not reasonable to suppose that if the lawmakers had intended to subject the depositories to this summary remedy, penal in some respects, they would have left the expression of that purpose to terms not at all specific. The phrase "the safe-keeping and paying out of the funds," restrictive of the duties and liabilities thereof enjoined upon depositories, itself indicates an intent to go no further than to impose upon the depositories duties and liabilities to those ends, and not to subject the depositories to the provisions of section 5938, whereby a failure of a county treasurer, a public officer, to discharge a defined duty effects to impose upon that officer and the sureties on his official bond, or either, the summary remedy and the penalty of the statute. The conclusion of the Court of Appeals in Underwood Typewriter Co. v. Marengo County Bank, 81 South. 543, decided on certiorari in Ex parte Underwood Typewriter Co., ante, p. 128, 82 South. 158, accorded a different effect to the quoted provisions of section 5 of the act of 1915, and is, hence, grounded in error.

[4] In this proceeding, if it should be assumed that the remedy provided by Code, § 5938, was effective and available against a depository, it is clear that the movant's compensation for which he holds a warrant from the judge of probate is not an "allowed claim against the county," by the commissioners' court or like body, within the purview of that statute (section 5938). The compensation provided by the Jury Commission Act, quoted above, is not subject to audit and allowance by the county body. The probate judge is the only authority that must be satisfied that the service for which the claim is made by a jury commissioner has been rendered. A claim against a county that is not within the class requiring allowance by the court of county commissioners or other like body is not an "allowed claim" within the purview of Code, § 5938. Caldwell v. Dunklin, 65 Ala. 461, 462, 463 ; Boothe v. King, 71 Ala. 497.

[5] The repeated readoption of the statute without material change effects to enact as a part of the statute itself the construction this court has put upon the terms of the statute. Sou. Ry. Co. v. Moore, 128 Ala. 434, 450, 29 South. 659; 11 Mich. Dig. Ala. Rep. p. 1114.

The demurrer to the motion was properly sustained.

Affirmed.

All the Justices concur in the affirmance.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur in the entire opinion. All the Justices concur in the decision that the claim in question is not an "allowed claim" within the statute (section 5938), if it applied.

GARDNER, J., is of opinion, as held in the majority opinion, that the depository is not a "public officer" within the purview of the statutes.