(82 South. 158)

UNDERWOOD TYPEWRITER CO. v. MARENGO COUNTY BANK. (2 Div. 691.)

(Supreme Court of Alabama.   May 22, 1919.)

1. COUNTIES ⬪133 — SUPPLIES — "STATIONERY."

Typewriters are within the terms of the statute providing for stationery for public officers, and may be supplied as such when the nature and character of the office is such as to require their use in discharge of duties incident thereto.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Stationery.]

2. DEPOSITARIES ⬪11—SUMMARY PROCEEDINGS.

A summary motion against a depositary under Code 1907, §§ 5938, 5939, cannot be maintained.

Thomas, J., dissenting.

Certiorari to Court of Appeals.

Motion for summary judgment by the Underwood Typewriter Company against the Marengo County Bank. A judgment for defendant was affirmed by the Court of Appeals (81 South. 543), and plaintiff brings certiorari. Writ denied.

Pettus, Fuller & Lapsley, of Selma, for appellant.

William Cunninghame, of Linden, for appellee.

PER CURIAM. [1, 2] The majority, composed of ANDERSON, C. J., McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., think that the writ should be denied. They do not agree, however, with the holding of the Court of Appeals that typewriters are not considered stationery. They think that typewriters fall within the terms of the statute providing for stationery for public officers, and that the same can be supplied as such when the nature and character of the office is such as to require typewriters in the dis-

charge of the duties incident thereto. Crook v. Commissioners, Calhoun County, 144 Ala. 505, 39 South. 383. They think, however, that the writ should be denied upon the theory that the summary motion against the bank depository cannot be maintained upon the authority of Compton v. Marengo Bank, post, p. 129, 82 South. 159.

THOMAS, J., agrees with the majority that typewriters are stationery, and therefore a preferred claim, and that the summary motion will lie against the bank, and that the writ should therefore be awarded.

SAYRE and GARDNER, JJ., think that the writ should be denied upon the grounds disclosed by the opinion of the Court of Appeals.

Writ denied.

All the Justices concur, except THOMAS, J., who dissents.

GARDNER, J. (concurring in result only). I am in full accord with the holding of the Court of Appeals in this case. I think it entirely clear from the language used in the act that it was the legislative intent that county depositaries should be subject to the summary proceedings of section 5938 of the Code, if on demand and without good excuse an allowed claim against the county was refused payment. The act expressly provides that such depositaries shall be charged with all duties and subject to the same liabilities in so far as the safe-keeping and paying out of the funds of the several counties are concerned as are now imposed by law upon county treasurers. The depositaries were, of course, not officers in any sense whatever, but under this act, in my judgment, they assumed this particular function with the express condition that they were subject to this liability. As to whether or not they should become depositaries is a matter entirely of their own voluntary act; but, accepting these duties, I can see no reason why they should be relieved from the liabilities expressly laid upon them by the act.

I am also in accord with the Court of Appeals that the words "necessary stationery" cannot be construed to include typewriters. In Harrison v. State, 102 Ala. 170, 15 South. 563, it was held that "words are to be construed in their popular sense—the plain sense in which the people generally understand them—unless it plainly appears from the writing in which they appear that they were intended to be employed in some other sense." I am unable to conceive that the word "stationery" in its popular sense, the plain sense in which the people generally understand it, can be construed to include a typewriter. Clearly, the holding of the court in Crook v. Commissioners, Calhoun County,

cited by the majority, does not support such conclusion, nor can I find anything in the opinion justifying the same.

While I concur in the result—the denial of the writ in this cause—yet I respectfully dissent from the conclusion of the majority upon the two questions above treated.

SAYRE, J., concurs.