(123 So. 31)
## JENKINS v. STATE ex rel. WATSON.
(4 Div. 437.)

Supreme Court of Alabama. May 23, 1929.

Rehearing Denied June 13, 1929.

Carmichael & Tiller, of Geneva, and O. S. Lewis, of Dothan, for appellant.

W. O. Mulkey and E. C. Boswell, both of Geneva, for appellee.

556

ANDERSON, C. J. It is conceded, by both sides, that the office of county treasurer, as provided and dealt with in article 1 of chapter 17 of the Code of 1923, does not exist in Geneva county, as said county has a population of less than 55,000. This county is therefore governed by article 2 of chapter 17, which provides for a county depository in lieu of a county treasurer.

■ Section 316 of the Code provides for the selection of a county depository by the county commissioners or board of revenue on the first Monday in December of each year. As the statute requires the selection of a depository each year, the term is necessarily fixed for the calendar year of his selection. This provision also requires that the selection be from bids received from incorporated state or national banks, and does not therefore apply to private persons or individuals, and of necessity excludes both the relator and respondent from holding office or the right to hold same under the terms of said section 316.

As we understand, both parties are claiming under section 322, which was intended for an emergency treasurer or custodian of the county funds in case of a failure to select a depository as provided by section 316. This provision does not designate the individual so selected as treasurer or depository in the body thereof, though he is so designated in the caption. It says the "board may designate some individual who may act as treasurer of such county under such terms and conditions as may be fixed by said courts of county commissioners or boards of revenue."

■ We think, and so hold, that whether the individual so selected be termed a "treasurer" or "depository" he is the acting treasurer and is such a public officer or claimant to such office as to subject him to removal by quo warranto, under section 9932 of the Code of 1923, when unlawfully holding same. He is not a mere contractor. State ex rel. v. Roberts, 203 Ala. 325, 83 So. 49; Michael v. State ex rel. Welch, 163 Ala. 425, 50 So. 929.

■ We think the order of the commissioners' court in fixing the term of the respondent for four years after his selection was unwarranted, and that his said term could not extend beyond one year and until a successor was selected either under section 316 or 322 of the Code. In other words, it was the statutory duty of the commissioners to proceed each year under section 316 to receive bids and look to the selection of a depository, then, if suitable selection was not or could not be made, to make a selection under section 322. It could not have been the purpose of the lawmakers to abolish the office of county treasurer as it then existed and leave it optional with the county commissioners or board of revenue to, in effect, re-establish the same for a period of four years or longer.

In the case of Citizens' Bank v. De Kalb County, 209 Ala. 646, 96 So. 778, this court did hold that certain provisions of section 316 were not mandatory, but that case must be construed according to the facts presented and the real point involved. There the governing board of the county did proceed to get bids and made a selection of a depository as required by section 316 and exercised a discretion as to which bid was most acceptable, and the court held that the statute, in this respect, was not mandatory. We did not hold or intend to hold that the governing board could ignore section 316 for four years or longer by proceeding under section 322 to select an individual to act for a period beyond a year.

As the respondent's term expired with the calendar year of his selection, he has no legal right to retain the office; and as it appears that the relator was selected under section 322, the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

On Rehearing.

ANDERSON, C. J. It is insisted that this court has heretofore held that a county depository was not an officer, but a contractee, citing Mims v. Bugg, 196 Ala. 460, 71 So. 699; Compton v. Marengo County Bank, 203 Ala. 129, 82 So. 159. We were perfectly aware of these cases, but did not then, and do not now, think that they bear upon the question here involved. In the first place, they did not involve a quo warranto proceeding to remove one acting as an officer, and we may concede, but do not decide, that a depository as provided by section 316 of the Code of 1923 is a contractee and not subject to removal by quo warranto, as we are not dealing with a depository but an emergency individual selected under section 322 to act as treasurer. So while the office of county treasurer, as it formerly existed as to Geneva county, has been abolished, still the law provides for a person to act as treasurer in case no depository is selected under section 316 of the Code. Section 322 not only provides for the selection of an emergency treasurer, but, as heretofore held, his term is fixed for the calendar year, and said section also authorizes the county commissioners to fix the terms and conditions. We think the relator and respondent are both claiming the right to act as treasurer and not depository, and the case of Michael v. Welch, supra, is in point that they are subject to removal by quo warranto.

■ We think that the minutes of the commissioners' court, as offered in evidence, sufficiently show the authority of said court, under the statute, to select the relator as acting treasurer. It says: "The court of county commissioners have been unable to designate any depository for the county funds, by reason of their inability to secure from any bank

within its limit terms for handling of the county funds, as provided by law, satisfactory to the court."

The application for rehearing is overruled.

GARDNER, BOULDIN, and FOSTER, JJ., concur.