EDNA KRAMER, Appellee, v. CHARLES H. MERICLE et al., Appellants.

**QUIETING TITLE:** Right of Action—Failure of Consideration. A parent, grantor of real estate, who conveys on the express condition that he shall have free use of the premises and be furnished with maintenance during life will be granted a decree quieting title against said deed and against all noninnocent holders thereunder, whenever it is made to appear that the grantee not only has repudiated his agreement but has incapacitated himself from executing the same.

·*Appeal from Dallas District Court.*—H. S. DUGAN, Judge.

MARCH 6, 1923.

ACTION in equity· to quiet title to real estate, and to cancel of record certain conveyances in relation thereto. The facts are sufficiently stated in the opinion. Decree entered granting the relief as prayed by plaintiff. Defendants appeal.—*Affirmed.*

*E. W. Dingwell* and *D. H. Miller,* for appellants.

*Burton Russell,* for appellee.

DE GRAFF, J.—Plaintiff instituted this action to quiet title to certain real estate situate in the town of De Soto, Iowa and to set aside five certain deeds and a mortgage. The facts in the case are established beyond reasonable controversy.

Plaintiff Edna Kramer, a widow, on August 28, 1905 conveyed by warranty deed the fee title to certain real estate in Dallas County, Iowa, of which she was then seized, to her son Milburn Kramer. The deed contained the following condition: "However, with the express understanding and agreement that I shall have free use of the above described premises as a home and maintenance while I shall live, or during my natural life."

The grantee then lived with his mother but shortly after the execution of the conveyance was married, and for a time continued to reside on the premises. He then moved away and failed utterly to provide for his mother and in fact abandoned his agreement. On March 10, 1910, the son Milburn conveyed by warranty deeds the real estate to his brother Luther C. Kramer and Adah T. Kramer, the wife of Luther C. Kramer. To effectuate the conveyance of title by Milburn Kramer two deeds were executed, as the real estate comprised two parcels. In one of the deeds these words are found: "With the express understanding that the said Luther C. Kramer shall make a home for Edna Kramer [his mother] for the balance of her natural life."

The son Luther had no agreement with his mother at the time Milburn conveyed to him, but the evidence shows that Luther thereafter paid her certain small sums of money annually as her needs required.

On October 20, 1919 Luther C. Kramer and wife conveyed the premises by warranty deed without reservation or condition to the defendant Charles H. Mericle, and received in consideration therefor the sum of $2,000 from the grantee. Upon the acceptance of the deed the grantee had both actual and constructive knowledge of the condition in the original deed, and at that

time the plaintiff Edna Kramer was in possession. Mericle testified: "I knew she had a life estate. I knew to get a good title I would have to get a quitclaim deed from her."

The son Luther in fact sent his mother a quitclaim deed to sign and instructed her to go before a notary public and acknowledge same. This she refused to do. On November 3, 1919 Mericle mortgaged the real estate to the defendant Perry Thompson who at that time had the same information concerning the title as did the prior parties, and also knew that the plaintiff was in actual possession of the premises.

It is the contention of the defendants, and it is pleaded by them in their respective answers to the petition of plaintiff, that the sale and conveyance to the defendant Mericle was at the instance and request of the plaintiff and that the plaintiff is estopped from having or claiming any right, title or interest in the real estate in controversy. The defendant Luther C. Kramer further pleads and alleges that he paid as consideration to his grantor Milburn Kramer for his rights in the property the sum of $1,000 or more, and since his acquisition of title thereto he has expended about $500 in improving said property in addition to the expenditure of about $200 a year in the care, maintenance and support of the plaintiff Edna Kramer.

Has the consideration for the deed of Edna Kramer to Milburn Kramer failed? The original deed conveyed an estate in fee subject to be defeated by breach of a condition subsequent. It is quite apparent that the object in making the deed was to secure reasonable support for the plaintiff in her old age and to preserve her home. Plaintiff is 83 years of age, and it cannot be questioned that both the mother and her sons understood the nature and character of the consideration. The hope and expectation of filial regard was the moving cause on the part of the grantor in the first instance to transfer the title to her son. It involved an obligation in the nature of a trust of the most important character. It created an obligation and a duty. Legal construction is not necessary to give the conveyance its reasonable intendment. A court of equity will take into consideration the relation of the parties to such agreements, and that a self-imposed duty created in this manner is to be per-

formed in a reasonable and acceptable manner. *Shepardson v. Stevens*, 77 Mich. 256.

The failure of Milburn Kramer to perform the condition in the conveyance to him constitutes sufficient ground to support the decree of the trial court in setting aside the deed of the plaintiff to him. His act made it impossible to perform on his part and his failure to meet the condition imposed goes to the very consideration of the deed. When an aged parent conveys real estate to her son to secure support and a home for herself during the remainder of her life, whether the agreement calls for support generally or by paying to the grantor money or property in specific amounts at specified times, the presumption is that the primary purpose of the grantor is to secure the personal performance by the grantee of the obligations incurred by him.

In such a case equity takes jurisdiction, not to forfeit a title, but to quiet a title already forfeited for nonperformance of a condition subsequent. It is impossible now for the defendants or either of them to perform the agreement and condition in the deed. No defendant can restore what has been lost to the plaintiff.

The conveyance by Milburn Kramer to Luther C. Kramer and wife and the failure on the part of Milburn Kramer to perform his contract makes it forever impossible for him to perform the consideration for his deed. Likewise the conveyance by Luther C. Kramer and wife to Mericle makes it forever impossible for them to perform the consideration for their deeds and for the deed of Edna Kramer to Milburn Kramer. The condition was the maintenance of Edna Kramer for her natural life and the free use of the real estate as a home, and that condition is now and forever repudiated. It is the primary claim of the defendants that there has been such part performance of the contract that the parties cannot be put *in statu quo*. This position is untenable. Equity will not permit a party to enjoy the fruits of a contract when he deliberately refuses or makes impossible of performance the obligations imposed therein. *Patterson v. Patterson*, 81 Iowa 626.

Equity will grant relief by setting aside a deed and rein-

vesting the grantor with title when the conveyance was upon consideration that the grantee should support and maintain the grantor during her lifetime, when there is a failure to furnish such support and maintenance, or when it is made impossible of performance. *Fabrice v. Von der Brelie,* 190 Ill. 460; *Pittenger v. Pittenger,* 208 Ill. 582; *Pinger v. Pinger,* 40 Minn. 417.

As to the defendant Charles H. Mericle the evidence conclusively shows that he had actual and constructive knowledge of the condition in the deed of Edna Kramer and that he has repudiated the agreement.

It is not sufficient that proffered support has been or may be offered or granted to the plaintiff. The deed in question if permitted to stand forfeited the legal right of the plaintiff to her home and to support expressly conditioned in the original deed. *Walker v. Walker,* 104 Iowa 505.

Under the benign doctrine of equity jurisprudence a court is not disposed to permit a plaintiff under the circumstances of this case to become an object of charity and commiseration of her neighbors, and after suit is commenced to set aside a deed for breach of condition, it is too late to offer the agreed support, maintenance and home.

The defendant mortgagee Thompson is in no better position to defend than his mortgagor Mericle since both had actual and constructive notice of the condition in the deed of Edna Kramer, and their repudiation of the agreement is a sufficient reason for the court to set aside the deed of mortgage.

One further question may be briefly considered. Is the plaintiff estopped by her conduct and silence during the negotiations and consummation of the contract between Luther C. Kramer and Charles H. Mericle?

It is competent for a grantee to show a waiver of a life estate reserved in the deed and parol evidence may be received to establish that fact. *Lamb v. Morrow,* 140 Iowa 89.

The material question is does the evidence show a waiver or prove an estoppel? That the plaintiff indicated her consent to have the property sold does not constitute a waiver of her estate. No agency is involved, and her willingness that the legal title should be conveyed is not inconsistent with her present claim.

All of the parties to this transaction recognized her interest and estate in the property. She wrote her son Luther with respect to signing the quitclaim deed: ''I have not signed up yet, and don't intend to till part of the money is put in the bank in my name, so if anything should happen to you I would have something to go on. I want you to write and tell me if you are willing to make me safe, so I won't have to die in the poorhouse.''

Again she writes: ''You will have to put $1,000 in the bank and send me the check; for I am going to know that I have got something to fall back on, if anything should happen to you. I think I have had it hard enough in my life to have something to know I won't have to die a beggar; but I will not get out till I get it. If you outlive me, you will get it all back; for I expect you to support me as you have been doing.''

Disregarding her recorded life interest the grantee Mericle paid the agreed consideration of $2,000 to the bank under the instructions of the son Luther, and the bank remitted to Luther. He now proposes to keep it on the theory that he has made expenditures by way of improvements and support of his mother, and is willing as he wrote her that she could come and live with him. Neither Luther nor his mother could convey an indefeasible title to the real estate without the concurrent act and consent of both. All parties in the deal recognized this legal fact. The defendant Mericle without securing a conveyance of the life interest from the plaintiff accepted the deed from the son Luther and paid the agreed consideration, and the son Luther without securing his mother's interest attempted to convey complete title and now predicates a good title in his grantee on the statement that his mother was willing that he should sell the property. Clearly it may not be implied that she waived her pecuniary interests therein and she expressly refused to convey unless her interest in the proceeds was secured to her.

The controlling circumstance in this case, as in most cases of this character, is that the estate granted should be held upon condition and that the grantor made the original conveyance to secure the performance of the obligation recited in the deed. If the purpose of the condition substantially fails of realization, nothing short of a restoration of the original status as to the

property involved is an adequate remedy. No sufficient equitable considerations are shown to prevent the invocation of judicial aid at the election of the grantor, and under the facts plaintiff is entitled to the aid of a court of equity for such relief as may be necessary to judicially re-establish her status, and to quiet her title thereto and thereby remove any adverse claim or outstanding instrument which might be used, presently or in the future, to defeat her title and estate in the premises. The record justifies the judgment and decree entered by the trial court and it is—*Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.