# Renfroe, *et al.*, *v.* Yarbrough.

*Bill to Enjoin Suit at Law and for Equitable Set Off.*

[DECIDED DEC. 21, 1905, 39 So. REP. 660.]

1   *Set Off and Counter Claim; Equitable Set Off; Insolvency.*—B. & Co. had on deposit in S. Bank $2,755.29, and owed Y $2,500.00; B. & Co. assigned to V. without having paid Y.; Y. before knowledge of the disposition of B. & Co.'s assets, attached, and levied the attachment by garnishment on S. bank; Y. and S. Bank agreed that, on faith of the attachment and the lien acquired by it, Y. was to draw on S. Bank for what money he and his firm needed. Under this agreement Y. drew checks for more than $1,500.00 on S. Bank; S. Bank becoming insolvent, assigned to R. & D.; The assignee of B. & Co. and Y. settled their claim by a transfer to Y. of B. & Co. deposit in the S. Bank, after the assignee of B. & Co.

[Renfroe, *et al*. v. Yarbrough.]

had proved his claim. The assignees of S. bank refused to recognize the transfer and original agreement, and brought suit in the law courts to collect the overdrafts of Y. made on S. bank: *Held*, Y. was entitled to enjoin the suits at law for the collection of the overdraft, and to set off in equity the deposit of B. & Co. against his overdrafts on S. Bank.

APPEAL from Lee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

A. B. Baxter & Company, on January the 30th, 1904, had on deposit in the Shapard Bank of Opelika, $2,755.-29, no part of which has ever been withdrawn from the bank; and Baxter & Company was indebted to A. B. Yarbrough, the complainant, in the sum of $2,500.00.

The bill alleges, that in the usual course of business, Baxter & Company became indebted to complainant, A. B. Yarbrough, in a large sum, to wit, the sum of $2,500, and while so indebted to him, and without paying such indebtedness, Baxter & Company, on, to wit, the 30th of January, 1904, ceased to do business and made a deed of assignment conveying all their property to Geo. J. Vestner as assignee for the benefit of their creditors; that complainant, as soon as he heard that said Baxter & Company had ceased to do business, and before he knew what, if any, disposition they hade made of their assets, on the 30th of January, 1904, sued out an attachment against them returnable to the circuit court of Lee county for the sum of $2,500.00, due to complainant by said Baxter & Company ,which writ of attachment was on the same day, executed by the sheriff of said county by serving a sheriff's writ of garnishment on the Shapard Bank, effecting, as is alleged, a lien in favor of complainant on said deposit of said Baxter & Company in said bank, to the extent of complainant's claim for $2500.00 against said Baxter & Company.

After the levy of the said attachment, as is alleged, the complainant being in need of money for his individual purposes, and for the purposes of the firms to which he belonged,—A. B. Yarbrough & Co., and J. T. Yarbrough & Co.,—made arrangements with the Shapard Bank by which it was agreed, that on the faith of the said deposit of Baxter & Company, and the probability that com-

plainant would acquire the same, he should borrow and check on said Shapard Bank for such amounts as he should need for the purposes specified, and repay the said amounts out of the money of said Baxter & Company, deposited in said bank, upon which complainant had acquired an attachment lien, as soon as said fund, by operation of law or otherwise should be transferred to complainant. Under this arrangement, complainant checked on said bank in favor of himself and his said two firms for different amounts aggregating $1507.70, before the bank made an assignment for the benefit of its creditors.

After the transaction last above set out, on, to wit, the 26th of February, 1904, the said bank, as is averred, became insolvent and ceased to do business, and subsequently, on the 3rd of March, 1904, executed a deed of assignment to the defendants, N. P. Renfro and A. L. Dowdell as assignees for the benefit of its creditors; and that the trust estate created by said assignment is now being administered in this court; that said claim of Baxter & Company against said bank has been duly proved by said Geo. J. Vestner, as assignee before the register of this court and no objection has been filed thereto, and said Vester as such assignee, has sold and transferred to complainant said deposit in said bank of Baxter & Company in settlement of complainant's claim against said Baxter & Company, and on, to wit, the 19th of August, 1904, gave a written order for the payment of said deposit in said Shapard Bank to complainant, which order was delivered to said assignees, Renfro & Dowdell, by which sale and transfer, it is alleged, complainant became the owner of said deposit, which deposit or as much thereof as may be necessary to pay his indebtedness, complainant hereby offers to set-off against the demands of said Renfro and Dowdell as assignees, against complainant; that after said claim of said Baxter & Company had been transferred as aforesaid to complainant, said Renfro and Dowdell, as assignees of said bank, in disregard and violation of complainant's rights under their said agreement by which complainant became indebted to said bank, have refused to allow complainant to pay his said indebtedness out of said de-

[Renfroe, *et al.* v. Yarbrough.]

posit of Baxter & Company, but in futher disregard of complainant's rights in the premises, have filed in the circuit court of Lee county, three separate suits against complainant by which they seek to enforce the collection of complainant's indebtedness to said bank, etc., etc.

The prayer of the bill was for an injunction restraining said assignees, Renfro & Dowdell, from further prosecuting said actions at law, for process and general relief.

The defendants demurred to the bill on many grounds, and moved to dissolve the injunction and dismiss the bill for want of equity.

HOUSTON & POWELL, BARNES & DUKE, and T. D. SAMFORD, for appellant.—Bills obtained by a debtor after the stoppage of payment by bank cannot be set off against debt due it. There is no set off in law in such cases, and hence there can be none in equity.—*Receivers of Middle District,* 1 Paige Ch. 85, 19 Am. Dec. 452.

"Purchase of claims with knowledge of insolvency—A defendant in a suit by an assignee in insolvency or by a receiver will not be allowed in either a court of law or equity to interpose as a set off or counterclaim by reason of the assignees insolvency, a claim against the insolvent purchased after the commencement of the insolvency proceedings with knowledge of the insolvency. *Smith v. Brinkerhoff,* 6 N. Y. 305; *Enter v. Quesse,* 30 S. C. 126; *Smith v. Hill,* 8 Gray 572; *Colt v. Brown,* 12 Gray 233; *Diven v. Phelps,* 34 Barb. 224; *Long v. Penn. Ins. Co.,* 6 Pa. St. 421; *Pond v. Howard,* 139 N. Y. 111; *Mayo v. Davidge,* 44 Hun. 342; *St. Paul Trust Co. v. Leck,* 47 Am. St. Rep. 582; *Colton v. Drovers Assn.,* 90 Md. 85; 78 Am. St. Rep. 434, bottom page.

"A defendant cannot set off a debt of an insolvent purchased with knowledge of the insolvency."—*Waterman,* Sec. 381.

"After an assignment by an insolvent bank, if the assignee of a claim is himself a debtor to the bank, he cannot use his assigned claim as a set off against the bank. *Davis v. Industrial Mfg. Co.,* 114 N .C. 321.

Neither can the debtor of an insolvent bank set off against it a check drawn in his favor by another depos-

itor.—*Butterworth v. Peck*, 5 Bosw. 341; *Northern Trust Co. r. Rogers*, 60 Minn. 208; 51 Am. St. Rep. 526.

So a debtor of a suspended bank acquiring a check or certificate of deposit thereon with knowledge of the suspension, cannot set off the amount thereof against his debt though he acquires the check before a receiver is appointed."—*In Re, Assignment of Hamilton*, 26 Or. 579; *Stone v. Dodge*, 96 Mich. 514; *Northern Trust Co. v. Rogers*, *supra*.

"The receiver of an insolvent bank cannot allow a set off against a debt owing to the bank, where the demand sought to be set off was assigned to the debtor for that purpose after his appointment.—*Van Dyke v. McQuade*, 85 N. Y. 616; *Reppy v. Reppy*, 46 Mo. 571; *Condon v. Shehan*, 46 Miss. 710.

"A set off will not be allowed where the claim or demand sought to be set off was acquired subsequent to the receivership.—23 Am. & Eng. Ency. of Law (2nd ed.) 1094; *Colt v. Brown*, 12 Gray (Mass.) 233; *VanDyke v. McQuade*, 85 N. Y. 615; *U. S. Trust Co. v. Harris*, 2 Bosw. (N. Y.) 75; *Smith v. Eighth Ward Bank*, 31 N. Y. App. Div. 6; *Lanier v. Sagoso Sav. Trust Co.*, 9 Heisk. (Tenn.) 506; *Smith v. Mosley*, 9 Heisk, (Tenn.) 501; *Johnson v. Humphrey*, 91 Wis. 76; 51 Am. St. Rep. 875.

Insolvency is in present case no ground for equitable set off—appellee had knowledge of the bank's insolvency when he purchased claim from Vestner—"The rights of parties become fixed at the moment and by the act of insolvency so that the insolvency will not be a ground for allowing a set off where the claim was bought after the insolvency for the purpose of being set off.—25 Am. & Ency. Law (2nd ed.) 545, and authorities cited.

A party defendant, by plea ling a set off practically brings an action for the amount of that set off. Consequently the creditor by presenting and proving his claim before the register, is to be deemed as having *waived all right* of action or suit against the bankrupt under the statute, and the creditor will not be allowed to do that indirectly which the statute precludes him him from doing directly.—*Russell v. Owen*, 61 Mo. 185; authorities on page 580.

[Renfroe, *et al.* v. Yarbrough.]

The first ground of demurrer is general and the authorities cited above in support of the motion to dismiss for want of equity are applicable to said grounds of demurrer.

The 2 d, 3rd, and 4th grounds of demurrer should each have been sustained because in order to avail himself of any benefits by reason of the levy of the attachment, it was necessary to consummate same by obtaining judgment against garnishee bank.

In order to use the fund in controversy as a set off it would be necessary for the bill to aver and show that said fund was assigned to appellee before the assignment by Shapard Bank to appellants and for that reason 5th and 6th grounds of demurrer should have been sustained.—*Vandyke v. McQuade*, 85 N. Y. 616; *Davis v. Industrial Mfg. Co.*, 114 N. C. 321; Waterman on set off, Sec. 381, and authorities cited on 2nd and 3rd page of this brief.

The 8th ground of demurrer should have been sustained by the chancellor. The fund sought to be used as a set off had been filed in court with the Register and could not then be used as a set off.—*Brown v. Farmers Bank*, 6 Bush. 198; *St. Paul Trunk Co. v. Leck*, 47 Am. St. Rep. 580. See authorities on page 580.

GEORGE P. HARRRISON and A. E. BARNETT for appellee.

1. Certain general principles govern the matter of equitable set-off; and in cases within these general principles the courts of equity have jurisdiction and will enforce the set-off.

These general principles are stated by the Supreme Court of Alabama as follows:

"That although courts of equity at first assumed jurisdiction on the natural equity that one demand should compensate another, and that it was iniquitous to attempt in law to enforce more than the balance; yet now they only exercise it when a legal demand is interposed to an equitable suit."

2. When an equitable demand cannot be enforced in a court of law, and the other party is suing thereon.

3. When the demands are purely legal, and the party seeking the benefit of the set-off can show some equitable ground for being protected."—2 Brick. Dig. 433, No.

174; *T. C. & B. R. Co. v. Rhodes*, 8 Ala. 206. "Insolvency is recognized as a distinct equitable ground entitling a party to relief, even in cases where both demands are purely legal."—2 Brick. Dig. 433, No. 175; See also *French vs. Garner*, 7 Por. 549; *Donelson v. Posey*, 13 Ala. 752; *White v. Wiggins*, 32 Ala. 424; *Wray v. Furnish*, 27 Ala. 471; *Tate v. Evans*, 54, Ala. 16 (STONE, J.)

That insolvency is a distinct equitable ground for set-off, in cases over which otherwise there would be no jurisdiction, see also:—2 Brick. Dig. 434, No. 176; *Farris & McCurdy v. Houston*, 78 Ala. 250; *Ingraham v. Foster*, 31 Ala. 123; *Scholze v. Steiner*, 100 Ala. 148; 25 Am. & Eng. Ency. of Law (2d ed.), 544; *Scott v. Armstrong*, 146 U. S. 499; *St. Paul & Co. v. Leck*, (Minn.), 47 Am. St. R. 576.

Equity has jurisdiction to enforce the set-off, where it can be inferred from the circumstances that one debt was contracted on the faith of the other, or that there was an agreement between the parties that the one should be discounted from the other, or if there be some intervening equity which renders the interposition of that court necessary for the protection of the demand sought to be set-off.—*Tate v. Evans*, 54 Ala. 16; 2 Brick. Dig. 433, No. 165; *Simmons v. Williams*, 27 Ala. 507; 19 Ency. of Pleading & Practice, 725.

There are cases in which a set-off will be available in equity which would not be so at law; thus, where mutual credit is given, between the parties for a demand not allowable as a set-off at law; equity will allow it.—*French Garner*, 7 Porter, 549, 554; *Farris & McCurdy v. Houston*, 78 Ala. 250, 257; 19 Ency. of P. and P. 725; 11 Am. Eng. Ency. of Law, (2d ed.), 144.

Where mutual obligations have grown out of the same transaction, insolvency on the one hand justifies the set-off of the debt due upon the other.—*Scott v. Armstrong*, 140 U. S. 499.

"Where a set-off is otherwise valid, it is not perceived how its allowance can be considered a preference, and it is clear that it is only the balance, if any, after the set-off is deducted which can justly be held to form part of the assets of the insolvent."—*Scott v. Armstrong*, 146 U. S. 499, 36 L. Ed., 1063.

[Renfroe, *et al.* v. Yarbrough.]

There is, therefore, no conflict whatever between the right of the holder of a valid set-off to have his set-off allowed, and the preference secured to depositors by the constitution cited above.

The equitable right of a party to a set-off cannot be defeated by a transfer of the debt to a trustee.—2 Brick. Dig. 434, No. 179; *Donelson v. Posey,* 13 Ala. 752.

Where there has been mutual credit coupled with insolvency, the time when the debts respectively mature is not material; *a right of set-off enforcible in equity already exists against the insolvent which cannot be defeated by his assignment to one not taking for value and without notice.*—*Scammon v. Kimball,* 92 U. S. 362; *Schuler v. Israel,* 120 U. S. 510; *Carr v. Hamilton,* 129 U. S. 252, 262; *Scott v. Armstrong,* 146 U. S. 499; *Fidelity T. Etc. Co. v. Bank,* (Ky.), 9 L. R. A. 108; *Nashville T. Co. v. Bank,* (Tenn.) 15 L. R. A. 710; *St. Paul Co. v. Leck,* 47 Am. St. R. 576 and note.

HARALSON, J.—It is shown that Baxter & Co., in the usual course of business, deposited various sums of money in the Shapard Bank, at different times, aggregating the sum of $2,755.29, no part of which had been drawn out of said bank, but for which entire amount said bank was and is still indebted to said Baxter & Co.

The bank, afterwards, became insolvent, and ceased to do business. On the 3rd of March, 1904, it made a general assignment to N. P. Renfro and A. L. Dowdell, for the benefit of its creditors.

In the usual course of business between them, said Baxter & Co. became and was indebted to complainant, A. B. Yarbrough, in the sum of $2,500.00; and without paying to complainant their indebtedness to him, said Baxter & Co., on the 30th day of January, 1904, ceased to do business and made a general assignment to Geo. J. Vestner, for the benefit of their creditors. As soon as complainant learned that said Baxter & Co. had ceased to do business, and before he knew what, if any disposition had been made by them of their assets, on the same day—January 30, 1904,—sued out an attachment against Baxter & Co., returnable to the circuit court of Lee county, for the sum of $2,500.00 due to complainant by said

Baxter & Co., which said writ of attachment was, on the same day it was sued out, executed by the sheriff of the county by serving a writ of garnishment on said Shapard Bank.

After the levy of said attachment, without knowledge or notice of an assignment by Baxter & Co., and before the bank made an assignment for the benefit of creditors, the complainant made an arrangement with the bank by which it was agreed, that on the faith of a deposit in said bank by and in the name of Baxter & Co., and the probability that complainant would acquire the same, he might borrow and check on said bank for such amounts as he would need for his individual use and for the use of his firms, as they might respectively need, and repay the amounts out of the Baxter & Co. deposit, as soon as he could acquire the same by operation of law or otherwise. He had, as stated already, sued out his attachment against Baxter & Co. for the debt they owed him and had garnisheed the bank. He drew against that fund for his individual use $255.16, which was charged to his individual account; the sum of $580.54, which was charged to the account of J. T. Yarbrough & Co., and the sum of $692.00, which was charged to the account of A. B. Yarbrough & Co., making a total loan of $1,507.07 for which complainant became individually indebted to said bank, which was loaned under the circumstances named and with the distinct understanding and agreement that complainant should repay said loan out of the said deposit of Baxter & Co. in said bank on which complainant had, as is averred, an attachment lien at the time said loan and agreement were made. This agreement between complainant and the bank was had and the checks drawn under it by complainant, aggregating $1,507.07 as appears, before the bank made an assignment for the benefit of its creditors.

The complainant insists that he is entitled to an equitable set-off against the deposit in the bank of Baxter & Co., to the extent he drew against it under agreement with the bank. "Where parties have agreed that mutual demands shall satisfy each other, or one debt has been contracted on the faith of, or as a consideration for a debt due from the crediting party, equity has jurisdic-

[Renfroe, *et al.* v. Yarbrough.]

tion to enforce the set-off. In such case the agreement that the set-off shall be made need not be expressed, but may be inferred from the conduct or course of dealing of the parties."—19 Ency. Pl. & Pr. 725; *Simmons v. Williams,* 27 Ala. 507; *Tate v. Evans,* 54 Ala. 16.

In *Scott v. Armstrong,* 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059, it was said, "Courts of equity frequently deviate from the strict rule of mutuality when the justice of the particular case requires it, and the ordinary rule is that where the mutual obligations have grown out of the same transaction, insolvency on the one hand justifies set-off of the debt due upon the other."—*Farris v. Houston,* 78 Ala. 250; *Wood v. Steele,* 65 Ala. 436.

In the *Farris Case* above cited it was said, that "when a cross-demand, rightfully held, cannot be made available by a suit at law, and yet, *ex aequo et bono,* ought to be received as payment, chancery, in the exercise of its restraining powers, will intervene, and compel the one having this legal advantage to do justice. Cases of insolvency furnish illustrations of this rule. Demands purely legal are often thus liquidated, one by the other."

Unless the right of set-off of complaint is protected in this proceeding, complainant may be compelled to pay in full his indebtedness to the Shaphard Bank, and for his claim against said bank to receive on a distribution of the insolvent assets, only a pro rata and probably a very small share of the indebtedness of the bank to him. This would be against the contract set forth in the bill. The insolvency of the bank is a distinct equitable ground entitling complainant to relief, and to the enforcement of his right of set-off, as disclosed by the bill.

We find no error in the decree of the court and it is affirmed.

Affirmed.

TYSON, SIMPSON and DENSON, JJ., concur.