TRUSTEES OF VILLAGE OF BATH v. McBRIDE et al.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1914.)

1. DEPOSITARIES (§ 8*)—VILLAGE MONEY—LIABILITY ON TREASURER'S BOND—
STATUTES.
    Village Law (Consol. Laws, c. 64) § 81, providing that the treasurer
    shall deposit all moneys received by him in banks designated by the
    board of trustees, and that no money shall be paid from the treasury
    except upon an audit and allowance by the board and an order desig-
    nating the fund, expressly declared by section 380 to apply to a spe-
    cially incorporated village or an officer thereof unless inconsistent with
    the special act, established a policy of requiring boards to designate a
    bank in which the treasurer should deposit, so that, after such designa-
    tion of a depositary, the treasurer, in the absence of personal default,
    was not liable to the village for loss from the depositary's insolvency.

    [Ed. Note.—For other cases, see Depositaries, Dec. Dig. § 8.*]

2. STATUTES (§ 225½*)—CONSTRUCTION—GENERAL AND LOCAL STATUTES.
    A purely local law will not be deemed to control a general one, unless
    such intention is clearly evinced by appropriate language.

    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 305; Dec. Dig.
    § 225½.*]

3. DEPOSITARIES (§ 6*)—VILLAGE MONEY—TREASURER—DESIGNATION OF DE-
POSITARY.
    Under Village Law (Consol. Laws, c. 64) § 81, requiring a village treas-
    urer to deposit all moneys received by him in a bank designated by the
    board of trustees and not to draw therefrom except on order and allowance
    by the board, the designation must be made by the board acting as a
    body, and not by the individuals as such; but the formal resolve of the
    trustees that a bank's offer of interest on deposits be accepted sufficiently
    designated that bank as a depositary.

    [Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20; Dec. Dig.
    § 6.*]

4. EVIDENCE (§ 67*)—PRESUMPTION—CONTINUANCE OF FACT OR CONDITION.
    A designation by village trustees of a certain bank as a depositary is
    presumed to continue until a change is shown.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 87, 88, 103;
    Dec. Dig. § 67.*]

5. DEPOSITARIES (§ 6*)—LOSS OF FUNDS—LIABILITY OF VILLAGE TREASURER.
    The trustees of an incorporated village, who under Village Law (Consol.
    Laws, c. 64) § 81, designated a certain bank as a depositary where the
    treasurer was required to deposit his funds, credited an installment of
    interest, directed the filing of a claim against the bank in bankruptcy,
    and accepted a dividend thereon, thereby adopted and acquiesced in the
    deposit and were estopped from denying their designation of the de-
    positary and from asserting that the law recognized no depositary but
    the treasurer.

    [Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20; Dec. Dig.
    § 6.*]

6. ESTOPPEL (§ 62*)—PARTIES AFFECTED—MUNICIPALITY.
    An estoppel can arise against a municipality.

    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 151–153; Dec.
    Dig. § 62.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Steuben County.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

James O. Sebring, of Corning, for appellants McBride and others.

H. V. Pratt, of Wayland, for appellant Peck.

Monroe Wheeler and James McCall, both of Bath, for respondents.

LAMBERT, J. The plaintiff-respondent is incorporated under a special act (chapter 785, Laws of 1895), and these actions are properly brought in the name of the trustees.

The appellant McBride was elected a treasurer of the village of Bath, March 5, 1912. He accepted such office, filed the undertakings, upon which these actions are brought, and continued in office until June 18, 1912, when he resigned. The other appellants are sureties upon the official undertakings of this treasurer. Such undertakings were given for the sums of $10,000 and $15,000, respectively, and upon them judgment has been rendered for the plaintiff, for upwards of $20,000.

McBride was a teller in the George W. Hallock Bank, of Bath. This institution was a private bank, conducted by the copartnership of William N. Hallock and Louise N. Hallock. During all the times here involved, William N. Hallock was one of the trustees of the village. McBride was preceded in office by one Davison, and it is undisputed that throughout the term of office of Davison, and, in fact, for some years prior thereto, the funds of this village were deposited in this private banking institution with the knowledge and acquiescence of the village trustees. When McBride entered upon his office, there was no formal transfer of the funds to him. The bank merely continued Davison's account as treasurer, in the name of McBride, as treasurer, and during the time that McBride held office there was slight change in the account, either by way of withdrawals or accretions.

On May 31, 1912, the banking copartnership filed its voluntary petition in bankruptcy and was adjudged bankrupt, and on the following day the village board made formal demand upon the treasurer, for the balance appearing upon the bank books to his credit. Upon his failure to pay, these actions followed.

The appellants make some question as to the form and legality of the bonds, but the conclusion we have reached herein renders unnecessary the determination of those questions, and we may assume those instruments to be valid, both in form and effect. Their conditions are such, however, as to create a liability only in case McBride failed to perform some act or duty, imposed upon him by law, as a consequence of which the loss resulted. The trial court having made the finding of fact that the loss to the plaintiff through the failure of the bank "was not due to any neglect or default of the defendant McBride," this conclusion of fact has both the support of evidence and the concession of the plaintiffs. With this conceded finding there seems to be no room

to predicate liability, except for omission to obey some legal requirement.

There are various provisions of the special charter of the plaintiff (chapter 785 of the Laws of 1895) and by an ordinance of the village adopted thereunder, relating to the duties of the treasurer; but, inasmuch as they do not even purport to deal with the subject of the deposit of the village funds, their recital here can serve no useful purpose.

[1, 2] In this connection, our attention is directed to the following provision of section 81 of the Village Law (chapter 64 of the Laws of 1909 [Consol. Laws, c. 64]):

"He (treasurer) shall deposit all moneys received by him in the banks designated by the board of trustees, subject to his check as treasurer. Interest on village money belongs to the village. * * * No money shall be paid from the treasury of the village, except in pursuance of a judgment or order of a court, or an audit and allowance by the board of trustees and an order designating the fund. * * * The treasurer shall not draw any money so deposited by him, except in pursuance of such judgment or order."

While the respondents question the application of such provisions, by reason of the fact that the village of Bath is incorporated by special charter, its application seems clear. Such application is expressly declared (once it is determined that they do not conflict with the special act) by section 380 of the Village Law. That section provides:

"A village incorporated under and subject to a special law, and each officer thereof, possesses all the powers and is subject to all the liabilities and responsibilities imposed upon a village incorporated under this chapter, or upon an officer thereof, not inconsistent with such special law.".

And even if it was not so expressly declared, the general rule is that a purely local law will not be deemed to control a general one, unless such intention is clearly evinced by appropriate language. Johnson Home v. Seneca Falls, 37 App. Div. 147, 151, 55 N. Y. Supp. 803; In re Water Co. v. Clark, 3 N. Y. Supp. 347–349.[1]

We conclude therefore that section 81 of the Village Law has application here, in its provisions as to the depository to be used by the treasurer, and that thereby the state established a policy of requiring the board of trustees to designate a bank or banks, and that the treasurer deposit the village funds therein.

Liability herein has been predicated upon a line of authorities illustrated by Tillinghast v. Merrill, as Supervisor, 151 N. Y. 135, 45 N. E. 375, 34 L. R. A. 678, 56 Am. St. Rep. 612. It was there held that the supervisor of a town was, by virtue of his office, the insurer of the moneys in his hands. But an examination of that and similar authorities discloses that such strict rule of liability has its foundation in the fact, and that such officer is made, by statute, the depository of the public moneys. In the Tillinghast Case, supra, the distinction in the rule of liability, where the depository is fixed by statute, is pointed out in the reference therein to United States v. Thomas, 15 Wall. 337, 21 L. Ed. 89. It would not, apparently, admit of question, but that, had the village board of Bath designated this Hallock bank, prior to its

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 50 Hun, 605.

failure, no liability would or could exist against appellants, and such would seem to be the just and equitable rule of liability to be applied.

[3, 4] Nowhere does the statute indicate in what manner or with what formality such designation must be made, although no doubt such designation must be made by the board acting as a body, and not by the individuals as such.

The parties differ as to where the burden of proof lies in these actions, in connection with such designation, and appellants urge, with great persuasiveness, that, inasmuch as such designation is required by the statute and is necessarily precedent in time to compliance therewith by the treasurer, that before the treasurer can be put in default, it must be made to appear that the board did make a designation and that he failed to observe it. But, while the record does not present very conclusive proof upon such question, it does disclose a situation, which we conclude is sufficient to establish a designation of the Hallock Bank.

It appears that on October 20, 1911, the bank wrote the board of trustees the following letter:·

"Referring to the matter of interest on account of deposit of Village Hall Funds, I beg to advise you that we will pay you three per cent. for funds of this account left with us for a period of six months or longer; furthermore, in consideration of the above, we will date interest on amount so left, back to the time of the original deposit."

Following the receipt of such letter, the board formally resolved "that said offer of interest be accepted." A legal justification for such action by the board is to be found in section 81 of the Village Law, and the arrangement made necessarily embodied in it a designation of this bank as the place of deposit. So far as appears, such designation is the only one ever made, and we must assume that it continued, until a change is shown. Such designation was made by the board as a body. It was made by virtue of the authority conferred by law and was attended by all the formality of a formal resolution, spread upon the records of the meeting. By such official action, the board took from the treasurer the control of the depository, and he cannot, nor can his bondsmen, be held liable for the resulting loss, in view of the findings of the trial court exculpating McBride from all negligence and bad faith.

[5] And we think further that the plaintiff is estopped from asserting the rule of strict liability, upon which it has recovered, and from denying a designation by the board of this Hallock Bank. It conclusively appears that the board had had knowledge of the place of deposit of the village funds for several years; that it had had credited upon its account an installment of the interest provided for by the letter of October 20, 1911; and that, following the bankruptcy of the banking firm, the board by resolution directed the filing of a claim, upon such account, and in the name of the village. Such claim was thereafter made, and the ownership of the village to the account was therein asserted. A dividend was paid to and received by the village thereon. All such matters are repugnant to the strict rule of liability applied by the trial court and upon which the judgment herein is founded. And finally, the filing of the claim and the receipt of the

dividend thereon was a complete adoption of and acquiescence in such deposit. And, after having so placed its stamp of approval thereon, both before and after the failure, and after having dealt with such depository with reference to such deposit and the interest to be paid thereon, the village should not be permitted in good conscience to now repudiate it, or to attack the propriety or legality of same. Nor should it be permitted to assert that the law recognizes no depository except the treasurer, and at the same time take possession of a contract in relation thereto and hold a deposit so made. The two positions are inconsistent and cannot be reconciled.

[6] That an estoppel can arise against a municipality is well settled. Abells v. Syracuse, 7 App. Div. 501, 40 N. Y. Supp. 233; Moore v. Mayor, 73 N. Y. 243, 248, 29 Am. Rep. 134; North River Electric Light & Power Co. v. New York, 48 App. Div. 24, 62 N. Y. Supp. 726. And this appears to be a proper situation to apply the rule of estoppel.

The judgments appealed from should be reversed, with costs to the appellants to abide the event of the action, and a new trial should be ordered. All concur.

---

TRUSTEES OF VILLAGE OF BATH v. McBRIDE et al.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1914.)

PER CURIAM. Judgment reversed, and complaint dismissed, with costs, including costs of this appeal, upon the opinion of LAMBERT, J., in the case of Trustees of Village of Bath v. Daniel J. McBride et al., as executors, etc. (148 N. Y. Supp. 836), decided herewith, and certain findings of fact disapproved and other findings in lieu thereof made by this court. All concur.