142 So. 769

**MONTGOMERY, Superintendent of Banks, v.
SPARKS, Tax Collector.**

**7 Div. 123.**

Supreme Court of Alabama.
June 9, 1932.

Rehearing Denied June 30, 1932.

344

Young & Longshore, of Anniston, for appellant.

Arthur L. Hardegree, Sol., Pruet & Glass, and A. L. Crumpton, all of Ashland, for appellee.

Coleman, Spain, Stewart & Davies, of Birmingham, filed a brief as amicus curiæ, in support of the decree.

ANDERSON, C. J.

The appellant does not question the fact that this proceeding was instituted under the authority of the Attorney General, but does question the authority of the Attorney General, in the absence of specific directions from the Governor under sections 5644 and 5647 of the Code of 1923. True, these sections authorize the Governor to cause suits to be brought for the recovery of public funds, but section 854 of the Code of 1923 authorizes the Attorney General to institute and prosecute all suits in law or equity necessary for the protection of the rights and interest of the state. There is no conflict in

these provisions, as the Attorney General can act independently under section 854, but must do so when directed by the Governor under sections 5644 and 5647. Whether the case of Wolffe v. State, 79 Ala. 201, 58 Am. Rep. 590, would be of any importance if we did not have section 854 of the Code matters not, as it is sufficient to say that this section appeared first in the Code long after said case was decided.

 It is uncontroverted that Sparks, as tax collector, deposited state and county funds in the Farmers' State Bank; that said bank was not a designated depository, and had given no bond for the safe return of the funds as provided by section 3973 of the Code. It is also undisputed that the officers of the bank knew that said deposits consisted of tax money due the state and county. This was a violation of law on the part of Sparks and, in effect, a conversion of the fund, and though under ordinary conditions created the relation of debtor and creditor, and regardless of what the statute would be as between individuals under similar conditions, the real and important question is, Did the state and county have a lien or preferred claim to the funds or against the assets in the hands of the receiver? We think this question has been settled in the affirmative by our recent case of Green v. City of Homewood, 222 Ala. 225, 131 So. 897.

It is a principle supported by numerous authorities that the unauthorized or unlawful deposit of public funds in a bank which subsequently becomes insolvent creates a trust relationship in such funds between the bank and the community to which they belong. It is obvious that to hold otherwise in such cases would leave an open door to fraud and would allow the interests of the public to be jeopardized by the wrongful act of a trusted officer. Where a state treasurer deposits state funds in a bank, without authority of law, and the bank had notice of the character of the funds which were comingled with the general assets of the bank and used in payment of debts of the bank, which later suspended payment and went into the hands of a receiver, the lien of the state for the payment of the trust fund will attach to all assets of the bank as a preferred claim. State v. Bruce, 17 Idaho, 1, 102 P. 831, 134 Am. St. Rep. 245, L. R. A. 1916C, 1; Independent Dist. v. King, 80 Iowa, 497, 45 N. W. 908; Myers v. Board of Education, 51 Kan. 87, 32 P. 658, 37 Am. St. Rep. 263. This doctrine has not only received the approval of our own court in the case of Green v. City of Homewood, supra, but by many of the state courts as well as the Supreme Court of the United States. See note in case of Maryland Casualty Co. v. Rainwater, 51 A. L. R. 1342. It is true that in our case of Green v. City of Homewood, 222 Ala. 225, 131 So. 897, the bank there was a designated depository, but it was held that the sum received on deposit in excess of the amount authorized by law was unlawful and that, to this extent, the state had a lien under the doctrine that we apply in the case at bar.

 True, the state and Clay county have a remedy against the tax collector and his sureties, but this is by no means exclusive, and does not deprive the state and county from pursuing this fund and enforcing their lien.

 The record shows that the state and county are real beneficiaries and actors in this proceeding, and, while the tax collector may not have been a necessary party, he was not an improper party. Moody v. Jacobs, 211 Ala. 291, 100 So. 467.

 We think that under the authorities upon which we rely the county, as well as the state, had a lien on the money so deposited as per the respective interest of each, and that the bill or petition was not bad as for a misjoinder of parties complainant. Davis v. Anderson, 224 Ala. 400, 140 So. 423; Winter-Loeb Grocery Co. v. Boykin, 203 Ala. 187, 82 So. 437.

 Section 6310 of the Code requires a presentation of claims, after notice by publication, exclusive of deposits as shown by the books. It does not say exclusive of depositors, and the claim here involved was a deposit. The claim in the case of Jackson v. Whitesell, 213 Ala. 369, 104 So. 662, was not for a deposit; besides the court held that the presentation was sufficient. Moreover, even if this claim had to be presented, we think the presentation was sufficient to apprise the superintendent of the nature and character of the claim.

The case of National Surety Co. v. State, 219 Ala. 612, 123 So. 202, is not opposed to the present holding. It lays down the proposition, which we do not question, that the deposit there was not a special one, and that the relation of debtor and creditor existed between the depositor and the bank, but did not hold that there was no lien in favor of the state or other governmental agencies upon a deposit illegally made and received by the bank with notice. There the suit was against the surety, and no effort was made to enforce a lien on the deposit or assets of the bank.

The decree of the circuit court is affirmed.

Affirmed.

All the Justices concur, except BROWN, J., who dissents in part.

BROWN, J. (dissenting).

It is too clear to permit of argument that no person or officer, unless authorized by statute, can sue in the name of the state of

Alabama, except on "the written direction of the governor of the state to the attorney of record." Code 1923, § 5644.

There is no pretense in this case that any such authority was given, but appellee seeks to meet the contention made by the appellant, that this proceeding was instituted without authority of law, by showing by parol testimony that the suit was authorized by the Attorney General.

The fault in this position of the appellee is that the authority to sue in the name of the state, conferred by section 854 of the Code, is an official duty imposed by the statute, and must be exercised by the Attorney General over his "signature and official designation," and is a power which he has no authority to delegate to another. Ex parte State of Alabama (In re Stephenson), 113 Ala. 85, 21 So. 210; State ex rel. Almon et al. v. Burke, Judge, 160 Ala. 163, 48 So. 1035; State ex rel. Gaston v. Cunninghame et al., County Com'rs, 216 Ala. 423, 113 So. 309.

I am therefore of opinion that the motion to dismiss should have been granted, and that the court erred in overruling the motion.

I am further of opinion that Sparks was improperly joined as a complainant, and that the demurrer filed by the appellant assigning this ground was well taken, and should have been sustained. Sparks, if a necessary or proper party, should have been made a defendant.

I therefore respectfully dissent in part.