146 So. 607

## LIMESTONE COUNTY v. MONTGOMERY, Superintendent of Banks.

### 8 Div. 471.

Supreme Court of Alabama.

March 9, 1933.

T. S. Woodroof and R. B. Patton, both of Athens, and M. C. Stewart, of Birmingham, for appellant.

268.

J. G. Rankin, of Athens, for appellee.

FOSTER, Justice.

It is not necessary for the purposes of this case that we consider whether the rule of sovereign right to a preference which the state has extends to a claim by a county against an insolvent bank in liquidation after the county funds have been separated from those of the state and deposited in such bank to its credit, for we have held that such right does not in any event exist when the deposit was made pursuant to valid legal authority. Green, Sup't v. City of Homewood, 222 Ala. 225, 131 So. 897; Montgomery, Sup't, v. Sparks (Ala.) 142 So. 769.[1] So that if the bank was properly designated and qualified as county depositary pursuant to a valid law, and the funds of the county deposited in it in accordance with such authority, appellant does not claim that it has a preference. The result of our conclusion of those questions renders others unnecessary so far as this case is concerned.

■ The only contention of appellant in this respect, aside from the constitutionality of the law, is that section 317, Code, was not complied with. It provides that the board shall require "adequate bond of said bank to secure the safety of said deposit." It is argued that this provision is mandatory, that the bond shall be conditioned "to secure the safety of said deposit." But such is not the meaning of the law as we interpret it. But it means that in order to secure the safety of the deposit a bond shall be required. It specifies the penalty of $50,000, or such other sum as the county commission shall fix. It does not declare the form of it in any respect. We think it means that for the purpose of securing the deposit the county commission shall take a bond which shall be binding and effective as a security for it, in such penalty as they may fix, and, if none other is fixed, it should be $50,000. A bond was executed in the penal sum of $50,000 payable to the state of Alabama, conditioned that the bank "shall faithfully perform all the duties which are or may be by law required of it as such county depositary for said county and State during the time he continues in said office or discharges any of the duties thereof." It is an ordinary official bond. Section 2595, Code.

It is quite true that a county depositary is a contractee and not a public officer (State ex rel. Mims v. Bugg, 196 Ala. 460, 71 So. 699; Compton v. Marengo County Bank, 203 Ala. 129, 82 So. 159; Jenkins v. State, 219 Ala. 554, 123 So. 31), but, as such, it is required by such contract to perform certain duties and make due account of the county funds. When the bond is conditioned, as here indicated, it seems to us to be in as good form as to its condition, if not better, than if it were merely conditioned "to secure the safety of said deposit." We admit that, if the statute required it to be so conditioned, it ought so to be. We do not think it does that. But if it contains conditions which have the legal effect, we think it complied with the statute in that respect.

■ The statute does not fix the payee of the bond. Since it is payable to the state, the name of the state for the use of the county is available with the same effect as though the bond were payable to the county. Such a bond so payable may be acceptable as one adequate "to secure the safety of said deposit."

■ Appellant does not contend that it is invalid as a common-law undertaking. If so, and it was so accepted and acted upon, it is what the statute contemplates. The bill does not show that such facts did not occur. Moreover, the bond was given under authority of law, and under such circumstances, unauthorized provisions will be "read out of it," and necessary matter, though not expressed, "will be read into it" and given effect (American Book Co. v. State, 216 Ala. 367, 113 So. 592; Royal Indemnity Co. v. Young & Vann Supply Co. (Ala.) 144 So. 532;[2]

---

[1] 225 Ala. 343.

[2] 225 Ala. 591.

9 Corpus Juris 36, § 56), if "the substantial matters required be contained therein." Section 2615, Code.

■ We cannot sustain appellant's contention that such a deposit made in good faith by authority of law for the convenience of the county, and as an economical and safe method of preserving the safety of its funds, is a lending of the credit of the county to the bank in violation of section 253, Constitution (see sections 93, 94, Constitution). Many states are noted in 59 Corpus Juris 206 as having such constitutional provisions. It is said that the test of the constitutionality of a statute requiring the use of public funds, is whether the statute is designed to promote public interests as opposed to furthering the advantage of individuals (Patrick v. Riley, 209 Cal. 350, 287 P. 455; Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695; Veterans' Welfare Board v. Jordan, 189 Cal. 124, 140, 141, 208 P. 284, 22 A. L. R. 1515), and that it is intended by such provision to withhold all power and function of suretyship. Grout v. Kendall, 195 Iowa, 467, 192 N. W. 529.

■■ Both theories are consistent with our case of Garland v. Board of Revenue of Montgomery, 87 Ala. 223, 226, 6 So. 402, 403. In that case it was said that "operation should be given to the provision in the constitution co-extensive with the evils to be prevented. A loan of credit, or grant of money or thing of value in aid of an individual or corporation, in any mode, directly or indirectly, falls within its operation." The test is whether it is done in good faith for the convenience and safety of the operations of the county. A loan would, we think, be included in the prohibition. But the fact that the bank pays interest on a deposit does not reflect upon its character as such. We recall here the amendment which repeals section 250 of the Constitution. Amendment No. 5, page 431, Code 1923. Applying the test of the difference between a loan and a deposit, though interest is paid, as asserted in Schumacher v. Eastern Bank & Trust Co. (C. C. A.) 52 F.(2d) 925, it is clear that the funds of the county were deposited and not loaned, when placed on general deposit, subject to check at will, with no time limit or conditions as to payment, though provision is made for interest on balance. Divide County v. Baird, 55 N. D. 45, 212 N. W. 236, 51 A. L. R. 296.

We think that the circuit court correctly held that appellant did not show a right to preference of payment out of the assets of the insolvent bank in liquidation.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.