## CONECUH COUNTY v. PEOPLE'S BANK OF EVERGREEN et al.

### 3 Div. 126.

Supreme Court of Alabama.

May 23, 1935.

Rehearing Denied June 6, 1935.

A. A. Carmichael, Atty. Gen., and G. W. L. Smith, of Brewton, for appellant.

Hamilton & Jones, of Evergreen, for appellees.

KNIGHT, Justice.

Bill by Conecuh county to have an indebtedness due said county by the People's Bank of Evergreen, an insolvent banking institution, declared a preferred claim against the assets of said bank, and to require the superintendent of banks, in charge of its affairs, to pay the amount decreed to be due said county in priority to the claims or demands of the common creditors of said bank, and to establish and have allowed, as a set-off against a demand of the bank, the claim of the county, and for judgment, with priority of payment, for the balance due the county.

The bill is lengthy, but, omitting the deductions and conclusions of the pleader, the material facts averred in the bill may be briefly stated as follows: The People's Bank of Evergreen was during the year 1932, and prior thereto, a private banking corporation, organized and doing business under the banking laws of Alabama; that Conecuh county was within the class of counties which had no treasurers, but which were clothed with authority to select bank depositaries for their funds; that the board of revenue of Conecuh county on December 7, 1931, from sealed bids, ascertained that the People's Bank of Evergreen had "offered the highest rate of interest on daily balances of all funds of the county" that might be deposited with it, and thereupon, by proper resolution duly passed and entered upon the minutes of the board, selected the said the People's Bank of Evergreen as the county depositary for the funds of said county, for the calendar year beginning January 15, 1932, and ending January 15, 1933. It appears that the bank agreed to pay said county 3½ per cent. per annum on daily balances on all funds of the county deposited with it; that being the highest bid submitted.

It appears also from the bill and exhibits that the board of revenue, in accordance with the statutes, fixed the bond of the county depositary in the sum of $50,000. Thereafter

the said bank made and filed with the board a bond in the sum of $50,000 and this bond on December 14th was duly approved by the board of revenue.

Upon its qualification as such county depositary, the funds of the county, from time to time, were duly deposited in said bank up until its failure on July 27, 1932. That from January 15, 1932, to the date of its failure, the county deposited in said bank about $30,000, and at the time the bank failed there was still to the credit of the county the sum of $7,264.95, as shown by the books of the bank.

That on July 27, 1932, the said bank became insolvent and closed its doors, and ceased to function as a banking institution, and its affairs were placed in the hands of the superintendent of banks for liquidation, and is now in the hands of said superintendent and his liquidating agent. That demand was duly made upon said superintendent for the allowance and payment of said claim as a preferred claim against the assets of said bank. That the superintendent has declined to allow the claim as a preferred demand, but recognized the claim as a common claim against the assets of the bank, to be paid ratably as such.

It further appears that the said county was justly indebted to the said bank at the time it failed in the sum of $5,970.61, and the bank was indebted to the county in the sum of $7,264.95, leaving a balance due the county of $1,294.34. No question or dispute as to the amounts of the respective claims is shown or averred.

It further appears that the deposits of the county were subject to withdrawal at any time.

The bill is filed against the superintendent of banks, A. E. Jackson, as liquidating agent, and the People's Bank of Evergreen.

The respondents demurred to the bill upon a number of grounds, all addressed to the bill as a whole and challenging its equity— one or more of the grounds of demurrer specifically take the point that the bill shows on its face that the board of revenue of Conecuh county by proper orders legally designated and appointed the People's Bank of Evergreen as the depositary of its funds, and took from said bank a bond to secure said funds, and thereby waived any right it may have had to a preference in payment of the debts due it.

The contention, in part, of appellant here made, is that the county board of revenue, in selecting and appointing the People's Bank of

Evergreen county depositary, was acting "under color" of certain laws, namely, sections 314, 315, 316, 317 of the Code, "and also under color" of laws amendatory thereto; yet its action was unlawful, for the reason that said laws are in conflict with a number of the provisions of the state Constitution, which the appellant has listed as follows: Sections 10, 13, 22, 68, 72, 74, 93, 94, 95, 100, 103, 212, 215, 253 and Amendment No. 12. Or, if said depositary laws are not void *in toto*, then they should be construed as conferring *"upon the county supplementary, concurrent, and additional aids, rights, and powers, and security for handling and safe-keeping the county public revenues, but do not exclude any existing or pre-existing right of the State, county, sovereign, such as the sovereign preference, sovereign priority and lien, upon the assets of said insolvent bank in the hands of said respondents and appellees."*

To none of these contentions can we give approval and assent.

■ As we read and construe the statutes conferring the power to appoint or designate bank depositories upon the boards of revenue and courts of county commissioners of the counties falling within the list of counties to which said statutes apply, they are well within legislative competence, and impinge upon none of the provisions of the quoted section of the Constitution. The Legislature has always exercised, and rightly so, the power to provide for the handling and safe-keeping of the public revenues. If the right does not rest with the legislative branch of the government, then we fail to see just where this power is lodged.

In 18 Corpus Juris, § 46, p. 581, the author has this to say of depositary laws:

"Depositary laws have been enacted to provide for the safe-keeping and disbursement of public moneys, to enable the public to receive compensation for the use of its funds, to relieve public officers of liability as insurers, *and to create more effectual remedial rights. * * *

"Courts should uphold depositary laws where this can be done, and generally *such laws have been upheld as constitutional and valid.* A depositary law is not subject to the constitutional objection that it provides for the raising of money for, *or the loaning of the state credit to, or in aid of, any corporation or association."* (Italics supplied.)

■ It is earnestly insisted that the transaction with the People's Bank of Evergreen, whereby the county's money was placed on deposit with the bank, upon agreement that interest should be paid to the county on daily

balances, established between the county and the bank the relation of debtor and creditor, and therefore constituted a loan by the county to the bank. The deposits, having been made in the bank upon lawful authority, constituted general deposits (Rushing v. Ala. National Bank, 226 Ala. 621, 148 So. 306) in contradistinction from special deposits, and therefore created the relation of debtor and creditor between the bank and the county, but it by no means follows that the deposits, though interest was to be paid on daily balances, but made subject to check at all times, constituted loans by the county to the bank.

This precise question came before this court in the case of Limestone County v. Montgomery, 226 Ala. 266, 146 So. 607, 609, 87 A. L. R. 164, wherein it was held: "But the fact that the bank pays interest on a deposit does not reflect upon its character as such. We recall here the amendment which repeals section 250 of the Constitution. Amendment No. 5, page 431, Code 1923. Applying the test of the difference between a loan and a deposit, though interest is paid, as asserted in Schumacher v. Eastern Bank & Trust Co. (C. C. A.) 52 F.(2d) 925, it is clear that the funds of the county were deposited and not loaned, when placed on general deposit, subject to check at will, with no time limit or conditions as to payment, though provision is made for interest on balance. Divide County v. Baird, 55 N. D. 45, 212 N. W. 236, 51 A. L. R. 296."

The case of Limestone County v. Montgomery, supra, was cited approvingly in the recent case of Barnes et al. v. Clarke et al., 227 Ala. 651, 151 So. 586, 90 A. L. R. 637. See, also, the case of William W. Law, a Minor, 144 Pa. 499, 22 A. 831, 14 L. R. A. 103.

Likewise it was held adversely to appellant's contention, in the case of Limestone County v. Montgomery, supra, that making county deposits in good faith by authority of law for the county's convenience and the safety of its funds was not lending the county's credit to the bank, in violation of section 253 of the Constitution.

There is no merit in the contention that the transactions with the bank were illegal lending of the public funds of Conecuh county to the bank, and therefore falling within the prohibition of section 253 of the Constitution.

We have carefully considered the contention of appellant that the depositary laws violate other designated sections of the Constitution, but find nothing to justify such a conclusion.

So far as the constitutional objections here urged to the validity of said laws are concerned, the laws are valid enactments, entirely within legislative competence, and in our judgment tend to conserve the safety of public revenues, and are promotive of the convenience of the public who have business dealings with the counties.

██ Likewise, we are persuaded there is no merit in appellant's contention that, if said laws are not in violation of the Constitution, then they are to be regarded merely as "additional aids, rights and powers, and security for handling and safe-keeping of the county public revenues," and are not to be construed as waiving any preference or priority of payment theretofore enjoyed and possessed by the state or county.

There are a number of states in the Union that hold the state has no sovereign right to priority of payment of moneys due it by an insolvent bank, but this court is firmly committed to the other view, that the state has a preference. Montgomery, Superintendent of Banks, v. State et al., 228 Ala. 296, 153 So. 394; Green, Superintendent of Banks, v. Homewood, 222 Ala. 225, 131 So. 897; Montgomery, Superintendent of Banks, v. Sparks, 225 Ala. 343, 142 So. 769; Limestone County v. Montgomery, Superintendent of Banks, 226 Ala. 266, 146 So. 607, 87 A. L. R. 164; and Pickens County v. Williams, Superintendent of Banks, 229 Ala. 250, 156 So. 548. And the same doctrine which applies to state funds applies also to county funds.

But, while the state and county enjoy such a preference and priority for the payment of public funds superior to the claims of other depositors and creditors, yet we know of no sound rule or principle that prevents a state or county in depositing their funds in banks, under valid laws authorizing such deposits, from thereby waiving their right of priority of payment.

It may be conceded that the state could have declared, in the law authorizing the establishment of depositaries and requiring security for the state's moneys deposited therein, or for the county's moneys so deposited, that the state and county should also be entitled to a preference and priority of payment of their claims, for moneys so deposited, against all other depositors and creditors of such bank depositaries. But we find no such right was declared or reserved under the terms of the depositary laws. It is clear to us, and comports with a spirit of fairness to other depositors, that the state, in requiring that the bank depositary should execute ad-

equate bond to secure the safety of the deposits, intended to rely solely upon the security and ability of the banking institution,. and the solvency of its sureties for repayment of the moneys deposited by the state and county therein, in accordance with the law authorizing the selection of such depositaries and their qualification. Maryland Casualty Co. et al. v. Laid Rainwater, Bank Comm'r, 173 Ark. 103, 291 S. W. 1003, 51 A. L. R. 1332; National Surety Co. v. Seth Pixton, State Bank Comm'r, 60 Utah, 289, 208 P. 878, 24 A. L. R. 1487; In re Central Bank, 23 Ariz. 574, 205 P. 915, 916; National Surety Co. v. Morris, 34 Wyo. 134, 241 P. 1063, 42 A. L. R 1290.

In the case of In re Central Bank, supra, it was held that the state of Arizona was not entitled to a preference in the payment of its claim against an insolvent bonded state depositary, although the surety was unable to pay any part of the bond; the court observing: "We think the plan for lending and safeguarding the public moneys of the state and counties provided for in title 44, Civil Code, supra, in allowing the state to exact security from the depositary, whereas no other depositor or patron of the bank is given such privilege, must have been intended as a substitute for the common-law prerogative."

Under the Mississippi Depositary Law of 1908 it was held in the case of Potter v. Fidelity & Deposit Co., 101 Miss. 823, 58 So. 713, that, where the deposit by the state was made for the purpose of gain (interest), with the intent that the funds shall be used by the depositaries as any other general fund, the money is in no sense a trust fund, and the state has no priority. The court further held that the general statute making public money a trust fund did not apply to moneys deposited under the Depositary Law.

In McNulta v. West Chicago Park Com'rs, 99 F. 900, 905, 40 C. C. A. 155, it was held: "A deposit upon which interest must be paid cannot be special or in trust, and, in case of the failure of the bank, must, for the purpose of payment, be on the same footing with other deposits or unsecured demands."

To the same effect is our holding in the case of Montgomery, Superintendent of Banks, v. Smith, 226 Ala. 91, 145 So. 822.

Whatever diversity of holding there may be among the courts of the states of the Union on the subject, it is now firmly settled here that, when the funds of the state or of the county are deposited in bank depositaries pursuant to valid statutory authority, the right of preference and priority of payment as against the other depositors and creditors is thereby waived. Green, Superintendent of Banks, v. Homewood, supra; Montgomery, Superintendent of Banks, v. Sparks, supra; Montgomery, Superintendent of Banks, v. State, supra.

We therefore hold that the county of Conecuh, having selected and designated the People's Bank of Evergreen as the depositary of its funds, and the bank having filed bond in the amount fixed by the board of revenue, and that board having duly approved the bond, thereby waived any right it might otherwise have had to claim preference and priority in the payment of its demands against the insolvent bank. Its status was nothing more or less than that of a general contract creditor without lien or preference, and must share ratably with the other depositors in the distribution of the assets of said bank.

In this aspect the bill is without equity.

Nor does the bill contain equity for the purpose of having the set-off claimed by the county allowed and decreed in the manner prayed for; namely, by decreeing that, for the balance due the county by the insolvent bank, the complainant shall have a preferred claim against the assets of the said bank. The complainant's insistence, being that it is entitled to the set-off, and to a judgment over against the respondents, carrying a preference and priority as to payment, cannot be upheld. The complainant is entitled to no such relief. The extent of the relief to which complainant in any event would be entitled is to have its demand set off against the demand of the bank, and a decree adjudging the balance of the amount due the county, after the set-off is taken into account and allowed, is a valid claim against the general assets of the bank, and to be paid ratably with other depositors and creditors. The bill, as above pointed out, does not seek such relief.

It follows that the demurrers to the bill were properly sustained by the circuit court.

The complainant may wish to amend its bill, and we think it proper to say here that, in view of the *insolvency of the People's Bank of Evergreen*, the complainant would be entitled, on proper averment and proof, to have the amount owing to it by said bank set off against the claims or demands of the bank against the complainant, and to have the balance then remaining due and owing complainant decreed to be a valid claim against the bank, to be paid ratably with other depositors and creditors. Farris & McCurdy v. Hous-

ton, 78 Ala. 250; Tuscumbia, C. & D. R. R. Co. v. Rhodes, 8 Ala. 206; Ingraham v. Foster, 31 Ala. 123; Tate v. Evans, 54 Ala. 16; Wood v. Steele, 65 Ala. 436; Chambers v. Ala. Iron Co., 67 Ala. 353; 1 Pomp. Eq. § 189; Minge v. First National Bank, 191 Ala. 271, 68 So. 141; Leach v. Gray et al., 201 Ala. 47, 77 So. 341, 7 A. L. R. 890; Renfroe v. Yarbrough, 144 Ala. 487, 39 So. 660; Hall v. Clark et al., 227 Ala. 571, 151 So. 445.

The bill, however, as framed, is defective in the particular above pointed out.

We have carefully considered each insistence for error here made by appellant, and are at the conclusion that the demurrers were properly sustained, and the decree appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.