183 So. 452

**MADISON COUNTY et al. v. WILLIAMS, Superintendent of Banks.**

8 Div. 897.

Supreme Court of Alabama.

June 30, 1938.

Rehearing Denied Oct. 6, 1938.

472

A. A. Carmichael, Atty. Gen., Chas. L. Rowe, Asst. Atty. Gen., E. H. Parsons, of Huntsville, and W. H. Stoddard, of Luverne, for appellants.

Douglass Taylor, Thos. J. Taylor, and Robt. K. Bell, all of Huntsville, for appellee.

GARDNER, Justice.

In this proceeding Madison County seeks a preference over general creditors of the Tennessee Valley Bank, in liquidation, and from a decree denying such relief the appeal is prosecuted.

■ This Court is committed to the view favorable to the State's prerogative right of preference in respect to deposits of public funds in insolvent banks. Montgomery, Sup't of Banks, v. State, 228 Ala. 296, 153 So. 394; Green, Sup't of Banks, v. Homewood, 222 Ala. 225, 131 So. 897; Montgomery, Sup't of Banks, v. Sparks, 225 Ala. 343, 142 So. 769; Limestone County v. Montgomery, Sup't of Banks, 226 Ala. 266, 146 So. 607, 87 A.L.R. 164; Pickens County v. Williams, Sup't of Banks, 229 Ala. 250, 156 So. 548.

This right is founded not so much upon any personal advantage to the sovereign, as upon motives of public policy, in order to secure an adequate revenue to sustain the public burdens and discharge the public debts. Montgomery v. State, supra. And this right of preference to the State extends to the county. Pickens County v. Williams, supra; Conecuh County v. People's Bank, 230 Ala. 457, 161 So. 515.

■ But the State or county may waive this right of preference, and such waiver results when the deposit is lawful and security is taken for the protection of the State or county as to such deposit. Conecuh County v. People's Bank, supra; Montgomery v. State, supra.

■ And it must be borne in mind also that the county seeks relief in a court of equity, and that in petitions of this character, as well as all other proceedings in such a court, relief which is unjust and inequitable will be denied. Montgomery v. Smith, 226 Ala. 91, 145 So. 822.

As to the facts in the instant case, they are succinctly stated on pages 19 to 21 of the transcript, by the chancellor in his opinion, and, as so stated, appear in the report of the case.

It is made plain that all parties, that is, the Board of County Commissioners of Madison County and the bank, overlooked the increase in population in Madison County, as shown by the 1930 census, and that as a consequence the provisions of

Article 2, Chapter 17 of the Code were inapplicable thereto. Section 324, Code of 1923. The amendment of sections 312 and 324 of the Code, as found in General Acts 1932, Extra Session, page 227, increasing the population basis to 56,000, is without influence here.

The Board of County Commissioners and the Tennessee Valley Bank proceeded, therefore, to act as if Article 2 was still applicable, and by formal written agreement made provision for the bank as county depository. Instead, however, of following the literal language of section 317 of the Code, as to a bond in the sum of fifty thousand dollars to secure the safety of the county's deposit, by agreement, the bank placed in escrow with the First National Bank of Birmingham bonds of the State of Alabama to an amount of $65,000. And by agreement of all the contracting parties the county has received the benefit and proceeds of all of these bonds, the only difficulty being that as the sale of the larger part of these bonds occurred during the financial depression, the price received lacked the few thousand dollars here involved of paying the county in full.

■ The right of the bank to so pledge these bonds to secure deposits of public funds was not questioned (note, 65 A.L.R. 1412), and needs no discussion here. Suffice it to say such character of pledge is expressly recognized as to a State depository (sections 892, 893, Code of 1923), and is now extended to the counties. General and Local Acts 1933, Extra Session, p. 19, amending section 317 of the Code. And investment in such securities by county commissioners is authorized in certain instances by section 6756, Code of 1923, and sub-section 22 of section 6755, Code.

The argument for the county is based upon the theory that for a lawful deposit the literal letter of the statutes must have been complied with, and that, notwithstanding all parties acted in good faith and upon the assumption the bank was the duly authorized depository of the county, and that the county received the full benefit of the security so pledged, yet there was no waiver of its preferential right as against the general creditors of the bank. But we think counsel have given too strict a construction to the language of the decisions as to a lawful deposit.

■ In 18 Corpus Juris 591, the authorities are cited sustaining the view there may be a de facto depository just as there may be a de facto officer, and the cited case of Board of County Commissioners v. State Bank, 64 Minn. 180, 66 N.W. 143, furnishes an apt illustration of this principle, wherein depositaries are denoted as quasi public officers; and that authority, together with Commercial Guaranty State Bank v. City of Longview, Tex.Civ.App., 11 S.W.2d 217, demonstrates that should litigation have arisen concerning the binding effect of the pledge of these bonds, the bank could not be heard to say that its appointment as a depository was unlawful. See, also, Talley v. State, 121 Ark. 4, 180 S.W. 330.

■ Estoppels are mutual, and an equitable estoppel is to be determined upon the facts of each particular case. Houston County Board of Revenue v. Poyner, Ala. Sup., 182 So. 455.[1] It has been held there may be such estoppels applicable to a governmental agency, or even the State or municipal corporations. 21 Corpus Juris 1186–7. An example of its applicability as against a municipal corporation is found in Trustees of Village of Bath v. McBride, 163 App.Div. 714, 148 N.Y.S. 836, 840,—a case much in point. An illustration of its inapplicability to a municipality is found in our own authority of Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L.R.A. 62.

In some authorities the doctrine of estoppel in pais is given application to the public only to the extent it leaves the courts to decide the question governed by all the circumstances of the case, and to hold the public estopped or not as right and justice require depends upon the facts of each particular case. 21 Corpus Juris 1187.

But we do not consider the exigencies of this case call for a decision upon that question, which is left undetermined.

■ The doctrine of priority of right, as we have observed, rests upon the theory of public policy, and to secure adequate revenue to sustain the public burden and discharge the public debts. Such a policy, in a court of equity, must rest upon equitable principles and upon fairness and justice. Here all concerned acted in good faith upon the assumption the bank was properly operating as the county depository and the deposit was amply secured by the bonds of the State. True, it was irregular, and the pledge of the bonds was not spe-

---

[1] Ante, p. 384.

cifically authorized by statute. But the pledge was considered and acted upon as a sufficient compliance with section 317 of the Code, and the county has received the full benefit of such pledge. The bank was therefore a depository de facto, and being such the deposit under the circumstances can not be said to be unlawful in the sense that no waiver of priority of right is made to appear.

The public policy that gives rise to the preferential right to the county calls for no such repudiation by the county of its solemn contract duly entered into, and its recognition of the bank as a depository, and its acceptance of the full benefit of the pledge made for its security.

Whatever may be said, therefore, as to the irregularities of the transaction, viewed from the strict letter of the statute, it cannot be said that the deposit was unlawful in the sense that a waiver of the priority of right is not made to appear.

We are of the opinion the chancellor reached the correct conclusion, and his decision is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

